**David J. TRIMBLE, Appellant,**

v.

**GULF PAINT & BATTERY, INC., et al., Appellees.**

**No. 01–86–0363–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 9, 1987.

Michael Y. Saunders, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, for appellant.

Susan A. Allinger, Tom Clarke & Associates, Houston, for appellees.

Before JACK SMITH, DUGGAN and COHEN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment in favor of Gulf Paint & Battery, Inc. and Mark Everett Freeman, defendants in the trial court.

In his third point of error, the appellant contends that the summary judgment proof tendered by the appellees was insufficient to support the summary judgment because the statement attached to the summary judgment motion was not properly sworn to and the exhibits referred to in the statement were not attached to the motion.

At the summary judgment hearing, the appellant appeared pro se because he was not represented by counsel at that time. The trial court granted the appellees' motion, and signed the final take-nothing judgment in favor of the appellees on that day. Thereafter, the appellant retained counsel and filed a Motion for New Trial and/or to Set Aside Summary Judgment, along with supporting affidavits alleging that the release was procured by fraud and/or that appellant did not have sufficient mental capacity at the time to execute the release.

The trial court is charged only with the duty of considering the record as it properly appears before the court at the time the summary judgment motion is heard. *Superior Stationers Corp. v. Berol Corp.*, 483 S.W.2d 857 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). Because no allegations of fraud in the inducement or lack of capacity to execute the release were before the trial court at the time the motion for summary judgment was heard, no such issue was presented to the trial court at the hearing on the motion. We therefore address only the issue of whether the grounds expressly presented to the trial court by the appellees' motion for summary judgment were insufficient as a matter of law to support the summary judgment.

The original cause of action in this case was based on negligence. The appellees claim, in their motion for summary judgment and supporting unsworn statement by the insurance adjuster, that appellant agreed to accept $9,647.99 in full settlement of all claims against the appellees arising out of the automobile accident, and signed a release to that effect.

Appellant contends that the adjuster's statement cannot be considered as summary judgment evidence because, although it is signed by the insurance adjuster, his signature is not notarized. Further, although the statement purportedly refers to the release as Exhibit "A" and to the draft of the $9,647.99 settlement check as Exhibit "B," neither are attached and part of the summary judgment record.

Appellees assert that Tex.R.Civ.P. 166-A(e) provides that defects in the form of the affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection. The appellees contend that the lack of a jurat or notarization and the failure to attach exhibits to affidavits are defects of form, and because the appellant did not object at the trial court on these grounds in a response to the motion for summary judgment, they are waived and cannot now be presented on appeal. We disagree.

■ The copies of the release and the draft are not attached to the motion for summary judgment nor to the supporting statement. A motion for summary judgment must be supported by its own summary judgment proof. *Faour v. Koenig*, 662 S.W.2d 751 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Verified copies of documents, in order to constitute part of the summary judgment evidence, must be attached to the affidavit. *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970).

■ Without the documents, all that remains is the unsworn statement of Robert Young, the insurance adjuster. We now determine whether this statement is sufficient evidence to support the summary judgment, or whether the lack of a notarized signature is a defect that was waived by the appellant.

An "affidavit" is defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011 (Vernon Supp.1987). Without the notarization, the unsworn statement is not an affidavit, *Failing v. Equity Management Corp.*, 674 S.W.2d 906, 909 (Tex.App.—Houston [1st Dist.] 1984, no writ), and is not competent summary judgment proof. *Perkins v. Crittenden*, 462 S.W.2d at 568; *Sturm Jewelry, Inc. v. First Nat. Bank, Franklin*, 593 S.W.2d 813 (Tex.Civ.App.—Waco 1980, no writ). While it is true that purely formal deficiencies in an affidavit can be waived if not raised in the trial court, Tex.R.Civ.P. 166-A(e), the absence of a jurat is substantive, and not a "purely formal defect" and cannot be waived by failing to bring it to the attention of the trial court. 593 S.W.2d at 814.

We conclude that the trial court erred in granting a summary judgment based on a fundamentally defective instrument. The exhibits relied upon were not attached, and the written instrument attached to the motion was not an affidavit within the definition in our statute. Absent an affidavit and attached exhibits, there was no summary judgment evidence before the court, and the appellees were not entitled to a summary judgment.

Appellant's third point of error is sustained. Therefore, we need not address the appellant's remaining points.

The judgment of the trial court is reversed, and this cause is remanded to the trial court.