Ambrosia A. DE LEON and Max M. Castillo, Appellants,

v.

Gary Douglas GANT, Appellee.

No. 04–88–00459–CV.

Court of Appeals of Texas,
San Antonio.

June 7, 1989.

Rehearing Denied July 10, 1989.

John D. Wennermark, San Antonio, for appellants.

J. Mark Craun, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

BIERY, Justice.

Ambrosia A. De Leon and Max M. Castillo, plaintiffs, appeal from a summary judgment granted in favor of Gary Douglas Gant, defendant. The trial court found that plaintiffs failed, as a matter of law, to use due diligence in serving the defendant with process, resulting in the running of the two year statute of limitations.

The statute of limitations is not tolled by merely filing suit. To toll the statute, a plaintiff must file suit within the limitation period and must also use diligence in having citation issued and served. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975); *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970). The degree of diligence required is that which would be employed by an ordinary prudent person under the same or similar circumstances. *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ.App.—Amarillo 1980, no

writ); *Hamilton v. Goodson,* 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

■ The existence of diligence is usually a question of fact, but if no excuse is offered, or if the lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as a matter of law. *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Hamilton,* 578 S.W.2d at 549; *Williams v. Houston–Citizens Bank & Trust Co.,* 531 S.W.2d 434, 436 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

Summary judgment is permitted only if the movant conclusively establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589, 592–93 (Tex.1975); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). All evidence and reasonable inferences favorable to the non-movant will be taken as true and all doubts will be resolved in the non-movant's favor. *Wilcox,* 531 S.W.2d at 593.

■ In affidavits attached to plaintiff's written response opposing summary judgment, the two attorneys representing plaintiffs set forth, under oath, a partial summary of their efforts to have four citations issued, to locate Mr. Gant's location and, ultimately, to have Mr. Gant served in Georgia with the fourth citation.

In their reply to Mr. Gant's Motion for Summary Judgment, Ms. De Leon and Mr. Castillo set forth the following chronology of events:

1. August 29, 1979: The accident made the basis of this suit occurred.

2. September 18, 1979: Plaintiffs' attorney sent a letter to defendant at 106 Andrews, Apartment 8, San Antonio, Texas 78209, the address that defendant gave the police at the scene of the accident.

3. October 1, 1979 through March 24, 1981: Defendant turned over to his insurance carrier the demand letter of September 18, 1979. Negotiations between defendant's insurance carrier and plaintiffs' attorney continued for approximately eighteen months.

4. April 8, 1981: Plaintiffs filed suit in district court within the two year statute of limitations and furnished a copy of the pleadings to defendant's insurance carrier.

5. April 9, 1981: Citation issued to be served on defendant at 106 Andrews, Apartment 8, San Antonio, Texas, the address at which defendant received the initial demand letter. Citation was returned unserved as unable to locate defendant.

6. June 12, 1981: Defendant had shown police officers at the accident scene a Washington State driver's license. Plaintiffs' attorney sent a letter to the Washington State Drivers' License Department in an effort to locate defendant.

7. December 31, 1981: Plaintiffs' attorney had the second citation issued which was returned unserved because of inability to locate defendant.

8. The year 1982: Plaintiffs' attorney was advised that defendant had moved to Houston and then that defendant was in Galveston. Employees of plaintiffs' attorney tried to locate defendant through telephone directories, city directories and by telephone investigation. These efforts were unsuccessful.

9. March 16, 1983: Plaintiffs' attorney had issued the third citation for service on defendant in the Galveston area. This citation was returned because of inability by officials to locate defendant.

10. November 9, 1984: Plaintiffs' attorney received information that defendant was at 215 West Broadway, # 280, San Antonio, Texas, but mail sent to defendant at that address was returned by the postal officials marked "moved, not forwardable."

11. The year 1985: Despite efforts to obtain leads as to defendant's location, all efforts were unsuccessful.

12. April 10, 1986: Plaintiffs' attorney sent a letter to the Texas Department of Public Safety for information

but was advised that no help was available.

13. May 28, 1986: Plaintiffs' attorney obtained a duplicate license receipt from Bexar County, Texas that showed a vehicle belonging to a person who had the same last name as defendant.

14. June 3, 1987: Plaintiffs' attorney received information on the address of defendant's parents and hired an investigator to seek information.

15. June 22, 1987: The private investigator located a relative of defendant and was given a new address for defendant.

16. July 7, 1987: Plaintiffs filed first amended petition, and defendant was served with the fourth citation in the State of Georgia.

 Attached to the plaintiffs' response to the defendant's motion for summary judgment were various letters, receipts and other documents corroborating the chronology of events set forth above. The corroborating attachments were not properly certified; however, Mr. Gant concedes that no objection to the form of the attachments was brought to the trial court's attention. Defects in the form of affidavits or attachments are waived unless they are brought to the attention of the trial court before summary judgment is rendered. *Hackett v. Broadway Nat'l Bank*, 570 S.W.2d 184, 187 (Tex.Civ.App.—Waco 1978, no writ).[1]

We find the explanation offered in this case to be sufficient to raise a fact issue of whether Ms. De Leon and Mr. Castillo exercised reasonable diligence to locate and serve citation upon Mr. Gant. For the reasons stated, the judgment is reversed and the cause is remanded for trial.

---

1. We recognize that there are instances in which substantive defects in the summary judgment proof are not waived by failing to bring them to the attention of the trial court. *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex. App.—Houston [1st Dist.] 1987, no writ). However, given the two general affidavits by plaintiffs' attorneys, which were in proper form, and the undisputed fact that defendant and his insurance carrier had actual knowledge of plaintiffs' claim, we do not find that the defects in form of the attachments were so fundamental that Mr. Gant would be excused from bringing them to the attention of the trial court.