**Richard KOTZUR, et al., Appellants,**

v.

**Walter KELLY, Appellee.**

**No. 13–89–307–CV.**

Court of Appeals of Texas, Corpus Christi.

May 24, 1990.

Robert J. Banks, Harlingen, for appellants.

Walter Kelly, McAllen, for appellee.

Before NYE, C.J., and KEYS and BENAVIDES, JJ.

## OPINION

KEYS, Justice.

This appeal is taken from a summary judgment in a legal malpractice case. Finding the absence of an attorney-client relationship, the trial court granted summary judgment in favor of Kelly, the defendant attorney. Appellants, the Kotzurs, bring three points of error. We reverse and remand for a trial on the merits.

The sole factual issue raised concerns the existence of an attorney-client relationship. By their second point of error, appellants argue that the trial court erred when it considered Kelly's defective and incompetent summary judgment proof. We agree. Kelly's motion for summary judgment alleges that because he was never employed to represent appellants, there was no attorney-client relationship and, consequently, no cause of action for legal malpractice. Attached to Kelly's motion are copies of unsworn and uncertified excerpts from depositions.

Excerpts from a deposition upon which a movant for summary judgment relies must be offered as summary judgment evidence. *Mendez v. Int'l Playtex, Inc.*, 776 S.W.2d 732, 733 (Tex.App.—Corpus Christi 1989, writ denied); *Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, writ denied). Unsworn deposition testimony will not constitute summary

judgment evidence. *See Carr v. Hertz Corp.*, 737 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1987, no writ). Thus, when offering these excerpts, the movant must authenticate them and attach them to the motion. *Mendez*, 776 S.W.2d at 733; *Deerfield*, 758 S.W.2d at 610. To properly authenticate *copies* of deposition excerpts, a party must accompany the copies with (1) the party's own affidavit certifying the truthfulness and correctness of the copied materials, and (2) the court reporter's certificate. *Deerfield*, 758 S.W.2d at 610; *see also* Tex.R.Civ.P. 166a(c), (e); Tex.R.Civ. Evid. 901, 902. Both steps are required because the party's affidavit merely authenticates the duplication process, i.e. that the copies are true and correct, while the court reporter's certificate authenticates the contents of the deposition itself.

█ Applying the foregoing principles, we find that Kelly's unauthenticated summary judgment proof is defective. The more difficult question, however, is whether appellants may properly raise this point for the first time on appeal, having failed to present this objection to the trial court. There being no Texas authority specifically addressing the waiver of authentication defects in deposition transcripts, we turn to cases involving waiver of authentication defects in other types of summary judgment proof.

█ The controlling rule of civil procedure involving the waiver of defects in summary judgment affidavits and attachments states, "Defects in the *form* of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex. R.Civ.P. 166a(e) (emphasis added). Several courts of appeal, including this Court, have held that the absence of proper authentication, a notarization, in an affidavit is a substantive defect and, as such, is not waived by failing to bring it to the attention of the trial court. *See Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555 (Tex.

App.—Corpus Christi 1990, n.w.h.); *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Sturm Jewelry, Inc. v. First Nat. Bank, Franklin*, 593 S.W.2d 813, 814 (Tex.Civ.App.—Waco 1980, no writ). This objection may be raised for the first time on appeal because an unsworn statement is not an affidavit and, therefore, not competent summary judgment proof. *Trimble*, 728 S.W.2d at 889. Thus, when an affidavit is not properly authenticated, a party may raise this "substantive" complaint for the first time on appeal.

On the contrary, it is generally held that, absent objection, defects in the authentication of *attachments*[1] in support of a motion for summary judgment or response are waived. *See Youngstown Sheet & Tube v. Penn*, 363 S.W.2d 230, 234 (Tex. 1962) (unauthenticated copy of an operating agreement); *DeLeon v. Gant*, 773 S.W.2d 396, 398 (Tex.App.—San Antonio 1989), *rev'd on other grounds*, 786 S.W.2d 259 (Tex.1990) (uncertified documents); *Jones v. McSpedden*, 560 S.W.2d 177, 179–80 (Tex.Civ.App.—Dallas 1977, no writ) (unauthenticated copy of an indemnity agreement). Why then does the absence of authentication in one instance (affidavits) and the absence in another (attachments) lead to two different results?

█ We find the distinguishing factor contained in *Youngstown*, *DeLeon*, and *Jones*. In those cases, the defects concerned unauthenticated attachments *supported by properly authenticated affidavits*. *But see Fidelity & Deposit Co. of Md. v. Wellington Trade, Inc.*, 640 S.W.2d 698, 700 (Tex.App.—Houston [14th Dist.] 1982, no writ) (in which the court does not mention the presence or absence of an affidavit and finds that error was waived when no objection was made to a copy of an unauthenticated bond). On the other hand, in *Tucker*, *Trimble*, and *Sturm*, the defects involved unauthenticated affidavits. Thus, we believe that the following rules have emerged with regard to the waiver of

---

**1.** We recognize that there is no longer a strict requirement that summary judgment proof be "attached" to the motion for summary judgment or response; nevertheless, we will refer to the summary judgment proof as "attachments," conforming with the language of Tex.R.Civ.P. 166a.

defects involving the authentication of summary judgment proof:

(1) An unauthenticated affidavit is a defect in substance and may be raised for the first time on appeal.

(2) A properly authenticated affidavit in combination with an unauthenticated attachment is a defect in form and can be waived.

In a sense, a properly authenticated affidavit can "save" an unauthenticated attachment. It follows then that an unauthenticated attachment accompanied by an unauthenticated affidavit is a defect in substance and may be attacked for the first time on appeal.

In the present case, Kelly did not file an affidavit. His failure to do so is inconsequential because, under *Trimble,* an unauthenticated affidavit is not an affidavit and, as such, is not competent summary judgment proof—it is the legal equivalent of no affidavit. While it is clear that depositions, without accompanying affidavits, can qualify as proper summary judgment proof (Tex.R.Civ.P. 166a(c)), unauthenticated deposition excerpts cannot. Having found that appellants did not waive this complaint, we sustain their second point of error.

By their first point of error, appellants challenge the factual sufficiency of the evidence supporting the trial court's judgment. The trial court's order granting Kelly's motion for summary judgment merely states that it had "considered the pleadings of the parties and arguments made thereto."

When reviewing summary judgment proof, "the trial court shall consider all summary judgment evidence 'on file.'" *R.I.O. Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 492 (Tex.App.—Corpus Christi 1989, writ denied). Nonetheless, in its motion or response, a party must expressly and specifically identify the supporting evidence "on file" which it seeks to have considered by the trial court. *See, e.g., Taylor v. Taylor,* 747 S.W.2d 940, 946 (Tex.App.—Amarillo 1988, writ denied) (filed deposition not presented to trial court in written response may not be argued on appeal); *cf. Nicholson v. Naficy,* 747 S.W.2d 3, 4–5 n. 1 (Tex.App.—Houston [1st Dist.] 1987, no writ) (page of deposition not referred to in motion or response cannot be used to support summary judgment). Kelly's motion for summary judgment relied solely upon the defective deposition excerpts; therefore, the only summary judgment proof presented in support of his motion was defective and should not have been considered by the trial court. Likewise, summaries of the deposition excerpts included in Kelly's motion do not constitute summary judgment evidence. *See Nicholson v. Memorial Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Absent an affidavit or properly authenticated exhibits, there was no summary judgment evidence before the court; consequently, Kelly was not entitled to a summary judgment. Appellants' first point of error is also sustained.

In the interest of the efficient administration of justice, we will briefly consider the merits of Kelly's motion as if the deposition excerpts were properly authenticated, anticipating that Kelly might decide to correct the defects and simply file another motion for summary judgment.

This suit arose out of a real estate transaction. Appellants purchased 225 acres of land from their father, Benedict Kotzur. It is undisputed that Kelly was Benedict's attorney in the transaction. Appellants did not hire another attorney. Appellants allege that at the closing, Kelly represented to them that title was being conveyed free and clear of all liens, other than those shown on the deed. Unbeknownst to appellants, a judgment had been taken against Benedict which ultimately resulted in appellants having to pay the debt to Benedict's creditor. Appellants contend that Kelly represented both Benedict and themselves in this transaction and is liable, as appellants' attorney, for his failure to inform them of the existing lien.

An attorney-client relationship may be implied from the conduct of the parties. *Duval County Ranch Co. v. Alamo Lumber Co.,* 663 S.W.2d 627, 633 (Tex.

**258**

App.—Amarillo 1983, writ ref'd n.r.e.). Further, an attorney may be held negligent when he fails to advise a party that he is not representing them on a case when the circumstances lead the party to believe that the attorney is representing them. *Parker v. Carnahan*, 772 S.W.2d 151, 157 (Tex. App.—Texarkana 1989, no writ); *see also Rice v. Forestier*, 415 S.W.2d 711, 713 (Tex. Civ.App.—San Antonio 1967, writ ref'd n.r.e.). Thus, we must review the summary judgment proof to determine if there is a fact issue regarding the existence of an implied attorney-client relationship.

 When reviewing a summary judgment, (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, (2) evidence favorable to the non-movant will be taken as true, and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Dieter v. Baker Serv. Tools, A Div. of Baker Int'l, Inc.*, 776 S.W.2d 781, 783 (Tex.App.—Corpus Christi 1989, writ denied).

In his deposition, Kelly testified, "I didn't feel I was dealing with two different parties here." Kelly admitted that he knew that appellants did not have a separate attorney. Further, Kelly admitted that he prepared all documents relating to the sale and that the transaction was done for the Kotzurs on a "family-type basis."

Appellant, Richard Kotzur, testified that it was his impression that Kelly was the one handling the documents for the transaction. When asked if appellants were represented by Kelly, Richard stated, "As far as we were concerned, yes, as far as getting the papers legally fixed up." Richard further testified that Kelly neither told him that he was not representing appellants nor told him to hire a separate lawyer.

The most compelling evidence negating Kelly's position is contained in a "Closing Statement" prepared by Kelly which reflects a $750.00 charge to appellants for attorney's fees. We find there is a fact issue regarding the existence of an attorney-client relationship.

Having addressed all issues raised which are necessary for a proper determination of this appeal, we decline to address appellants' third point of error. *See* Tex.R. App.P. 90(a). The judgment of the trial court is REVERSED, and this cause is REMANDED for a trial on the merits.

BENAVIDES, J., not participating.