**Crystal WRIGHT, Individually and as Executrix of The Estate of Karl Heinz Aden, Appellant,**

v.

**Gene GUNDERSEN, Individually and D/B/A Gene Gundersen, Attorney at Law, Appellee.**

**No. 14–94–01098–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 6, 1996.

Karen B. Lufkin, Kevin Hedges, John Akard, Everett R. Buck, Houston, for appellant.

Jan Woodward Fox, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

YATES, Justice.

Appellant, Crystal Wright, in her individual and representative capacity, appeals from a summary judgment in favor of appellee, Gene Gundersen. In seven points of error, Wright maintains the trial court erred in granting summary judgment because: (1) the trial court failed to consider her standing as executrix of her father's estate to assert claims against appellee; (2) fact issues exist under each claim she asserted in her individual capacity; and (3) as a beneficiary of her father's will she should have standing to sue her father's attorney on causes of action arising out of the attorney's representation. We affirm in part, and reverse and remand in part.

Karl Aden employed Gundersen to draft his will, and to execute a durable power of attorney naming his daughter, Crystal Wright, as attorney-in-fact. Gundersen prepared, and Aden executed, both documents. Aden's will devised his residuary estate, including retirement funds from an Individual Retirement Account (IRA), to his two children. However, at the time he executed the will, Aden's brother was the designated beneficiary of the IRA.

As attorney-in-fact, Wright paid various bills with funds from Aden's bank accounts. When Aden died the bank refused Wright access to the IRA, and disbursed the funds in the account to Aden's brother, whose designation as Aden's beneficiary was never changed.

Wright filed suit individually, and in her capacity as executrix of Aden's estate, against Gundersen for violations of the Texas Deceptive Trade Practices Act (DTPA), breach of contract, and negligence. Gundersen filed a general denial and a counterclaim for attorney's fees, and moved for summary judgment, which the trial court granted. Wright filed a motion for new trial, which the trial court denied.

A defendant is entitled to prevail on her motion for summary judgment if she can establish with competent proof that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The following standard for appellate review of a summary judgment is well-established:

> (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;
>
> (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true; and
>
> (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

▇ In her first three points of error, Wright maintains the trial court erred in granting summary judgment because Gundersen presented no legal authority in her motion for summary judgment or proof that Wright lacked standing to sue in her capacity as executrix. First, Wright contends Gundersen failed to address her standing as executrix to bring a DTPA claim on behalf of Aden's estate. In her motion for summary judgment, Gundersen challenged Wright's standing to sue in her individual capacity under the DTPA and further maintained that neither Wright nor Aden's estate could recover under the DTPA because she performed the services that Aden purchased.

The summary judgment proof shows that Aden purchased Gundersen's services to draft a will and a durable power of attorney. The preparation of the documents, however, is not the basis for this lawsuit. The basis of Wright's DTPA claim as executrix is that Gundersen misrepresented to Aden and to Wright, as executrix, that IRA funds are distributed under the terms of a will, and that Gundersen failed to inform them that Aden needed to change the IRA beneficiary card in order to effectuate the devise of his IRA funds to his children. Gundersen argued in her motion for summary judgment and presented proof that she advised Aden of what was necessary to make effective the disposition in the will of the IRA funds, and that Aden never indicated to her that he wanted to change the beneficiary on his IRA account.

▇ Although Wright filed a response to the motion for summary judgment, she did not attempt to controvert Gundersen's summary judgment proof or challenge the sufficiency of the proof regarding Gundersen's communication with Aden. Because a summary judgment must stand on its own merits, the non-movant need not respond to the motion to contend on appeal that it is insufficient as a matter of law to support a summary judgment. *City of Houston v. Clear Creek Basin Auth.* 589 S.W.2d 671, 678 (Tex. 1979). However, in an appeal from a summary judgment, issues to be reviewed by the appellate court other than legal sufficiency must have been actually presented to and considered by the trial court. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 (Tex.1992).

Although Gundersen did not expressly address Wright's standing to sue as executrix in her motion for summary judgment, she presented sufficient summary judgment proof to defeat Wright's DTPA claim. Because Wright failed to present any controverting proof to the trial court to defeat Gundersen's motion, and because she does not challenge the legal sufficiency of the summary judgment as to the DTPA claim on appeal, she presents nothing for review. Wright's first point of error is overruled.

▇ In points of error two and three, Wright maintains Gundersen failed to address in her motion for summary judgment the claims of breach of contract and negligence she brought on behalf of Aden's estate. In her response to Gundersen's motion for summary judgment and on appeal, Wright argues that she had standing as executrix to sue on behalf of Aden's estate because of the attorney-client relationship between Gundersen and Aden. Gundersen did not contest

Wright's standing to sue in a representative capacity on either claim. Unlike the DTPA claim, Gundersen completely failed to address the claims Wright raised in her representative capacity, and addressed only the claims Wright asserted in her individual capacity.

■ A trial court may not grant a summary judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex. 1983). The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively establishing all essential elements of his cause of action as a matter of law. *Clear Creek Basin Auth.,* 589 S.W.2d at 678. To conclusively establish the requisite essential element, the motion must identify or address the cause of action and its elements. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). Moreover, an appellate court "cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth in the motion for summary judgment." *McConnell v. Southside Independent School Dist.,* 858 S.W.2d 337, 343; *Great-Ness Professional Serv., Inc. v. First Nat'l Bank of Louisville,* 704 S.W.2d 916, 918 (Tex. App.—Houston [14th Dist.] 1986, no writ).

Because Gundersen moved for summary judgment on Wright's breach of contract and negligence claims in her individual capacity alone, the trial court erred in granting summary judgment as to those claims alleged by Wright in her representative capacity. Points of error two and three are sustained.

■ In her fourth point of error, Wright maintains the trial court erred in granting summary judgment because a material fact issue exists as to whether she was a consumer in her individual capacity under the DTPA. Wright contends she is a consumer under the DTPA because Aden purchased Gundersen's legal services for her benefit as

a beneficiary of his estate, as the executrix of his will, and as his attorney-in-fact.

■ To recover under the DTPA, a plaintiff must establish that: (1) she was a consumer of the defendant's goods or services; (2) the defendant committed false, misleading, or deceptive acts in connection with the lease or sale of the goods or services as outlined by the statute; and (3) such acts were a producing cause of actual damages to the plaintiff. *Bormaster v. Henderson,* 624 S.W.2d 655, 660 (Tex.App.—Houston [14th Dist.] 1981, no writ); *see also* TEX. BUS. & COM. CODE ANN. § 17.50(a) (Vernon Supp. 1996). At the time Wright filed suit, legal services were considered "services" under the DTPA.[1] *See DeBakey v. Staggs,* 612 S.W.2d 924, 925 (Tex.1981).

■ A consumer is one who has sought or acquired goods or services by purchase or lease. TEX. BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). In addition, the goods and services in question must form the basis of the plaintiff's complaint. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 351–52 (Tex. 1987). A plaintiff may be a consumer of the legal services she acquires, if a third party actually purchases the services for her benefit. *Perez v. Kirk & Carrigan,* 822 S.W.2d 261, 268 (Tex.App.—Corpus Christi 1991, writ denied). Consideration need not change hands for consumer status to arise. *Roberts v. Burkett,* 802 S.W.2d 42, 47 (Tex.App.—Corpus Christi 1990, no writ). It is the plaintiff's relationship to the transaction that delineates consumer status. *Birchfield v. Texarkana Memorial Hosp.* 747 S.W.2d 361, 368 (Tex.1987). However, if an actual purchase has not occurred, the issue is whether the party intended to seek or acquire the services by purchase. *Roberts,* 802 S.W.2d at 47. Whether a plaintiff is a consumer under the DTPA is a question of law. *Reed v. Israel Nat. Oil Co. Ltd.,* 681 S.W.2d 228, 233 (Tex.App.—Houston [1st Dist.] 1984, no writ).

Gundersen maintains, as she did in her motion for summary judgment, that there is

---

1. We note that as of September 1, 1995, those rendering professional services are exempt from claims of damages related to the rendering of their professional services under section 17.49 of the DTPA. TEX.BUS. & COM.CODE ANN. § 17.49 (Vernon Supp.1996). At the time Wright brought her claims against Gundersen, the DTPA did not provide such an exemption.

no proof Wright sought or acquired her legal services or that Aden sought or purchased her services for Wright's benefit. Included in Gundersen's summary judgment proof is Wright's deposition in which she admitted that she did not hire Gundersen to do anything for her personal benefit other than draw up the power of attorney so she could pay Aden's bills. Additional uncontroverted proof establishes that Aden, and not Wright, employed Gundersen to draft his will and durable power of attorney. Because Wright's relationship to the will was primarily one of beneficiary and executrix, her acquisition of legal services from Gundersen, if any, was gratuitous and incidental to the terms of the will or the durable power of attorney, and not because Aden intended to purchase legal services for Wright's benefit. Therefore, Wright was not a consumer under the DTPA and the trial court did not err in granting summary judgment on Wright's DTPA claim. Wright's fourth point of error is overruled.

In her fifth point of error, Wright alleges the trial court erred in granting summary judgment on her negligence cause of action because there is a material fact issue regarding the existence of whether an attorney-client relationship between Wright and Gundersen. Gundersen maintains Wright has no standing to assert a negligence claim against her because Wright was not in privity with Gundersen. Privity, for purposes of professional negligence, is the contractual connection or relationship existing between attorney and client. *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 621 (Tex.App.—Houston [1st Dist.] 1993, writ denied). "Texas law does not recognize a cause of action for negligence against an attorney asserted by one not in privity with the attorney." *Dickey v. Jansen*, 731 S.W.2d 581, 582 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

Wright contends Gundersen's conduct towards her while preparing the documents for Aden and at his death impliedly established an attorney-client relationship between them. An attorney-client relationship may be implied from the conduct of the parties. *Kotzur v. Kelly*, 791 S.W.2d 254, 257 (Tex.App.—Corpus Christi 1990, no writ). Moreover, an attorney may be negligent if she fails to advise a party that she is not representing them on a case when the circumstances lead the party to believe the attorney is representing them. *Id.*

The summary judgment proof shows there was no express, written, or implied contract of employment between Gundersen and Wright. The fact that Gundersen discussed with Wright the documents she prepared for Aden does not create an implied relationship, particularly in light of the fact that Aden requested Gundersen inform Wright of her roles as executrix and attorney-in-fact. While Gundersen's actions after Aden's death, namely, calling the funeral home to assure them that money was available for Aden's funeral expenses, and informing Wright that she should take the will to the bank, may indicate that Wright thought a relationship existed between she and Gundersen after her father's death, these actions do not raise a fact issue concerning the creation of an attorney-client relationship between Wright and Gundersen during the time Wright alleges Gundersen committed malpractice. Wright's fifth point of error is overruled.

In her sixth point of error, Wright alleges the trial court erred in granting summary judgment on Wright's breach of contract claim brought in her individual capacity because she is a third party beneficiary of the contract between Aden and Gundersen. This argument was specifically rejected in *Barcelo v. Elliott*, 923 S.W.2d 575 (May 10, 1996). As stated by Chief Justice Phillips:

> Even assuming that a client who retains a lawyer to draft an estate plan intends for the lawyer's work to benefit the will or trust beneficiaries, the ultimate question is whether, considering the competing policy implications, the lawyer's professional duty should extend to persons whom the lawyer never represented. For the reasons previously discussed, we conclude that the answer is no.

*Id.* Gundersen's summary judgment proof established that an attorney-client relationship existed between she and Aden, but that no such relationship existed with Wright. As a third-party beneficiary under Aden's will, Wright lacks standing to assert a cause of action on Aden's contract with Gundersen. Wright's sixth point of error is overruled.

In her seventh point of error, Wright requests this Court to reconsider the well-established Texas rule which prohibits a cause of action for negligence against an attorney asserted by one not in privity with the attorney. Because opening attorney-client contracts to third party challenges would create a vast range of liability, we believe a change of this magnitude, if warranted, should be made by the Texas Supreme Court or the Texas Legislature. *Thomas v. Pryor,* 847 S.W.2d 303, 305 (Tex. App.—Dallas 1992), *writ dism'd by agreement,* 863 S.W.2d 462 (Tex.1993). *See also Barcelo,* 923 S.W.2d 575. Therefore, we decline to address this point of error. Wright's seventh point of error is overruled.

We reverse and remand that portion of the judgment of the court below granting summary judgment in favor of Gundersen as to Wright's claims of breach of contract and negligence brought in her representative capacity. We affirm the judgment in all other respects.