NUMBER 13-06-438-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

BAYOU CITY FISH COMPANY, Appellant,


v.
 


SOUTH TEXAS SHRIMP PROCESSORS, INC., Appellee.

 




On appeal from the 197th District Court of Cameron County, Texas.


 




MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Benavides



 In this appeal, we review a no-evidence summary judgment in a breach of contract
suit in which virtually all of the documentary evidence of damages presented by the
nonmovant plaintiff was unverified. We find that because of these deficiencies, the
proffered evidence was not competent summary judgment evidence. Accordingly, we
agree with the trial court's ruling that the nonmovant plaintiff did not raise a genuine issue
of material fact as to the damages element of its claim. See Tex. R. Civ. P. 166a(I). We
affirm the no-evidence summary judgment.

I. Factual and Procedural Background


 South Texas Shrimp Processors, Inc. ("South Texas") is a company in San Benito,
Texas that cleans and counts shrimp. Bayou City Fish Co. ("Bayou City") is a seafood
company in Houston, Texas that distributes shrimp to grocers and restaurants. Through
a series of faxes in the summer of 2001, the two companies executed a contract under
which South Texas agreed to process Bayou City's shrimp. (1) Bayou City had contracted
to supply the processed shrimp to prominent seafood sellers, such as Fiesta Mart, Inc.
("Fiesta Mart"), Alpine Foods International, Inc. ("Alpine"), and Sunnyvale Seafood, Inc.
("Sunnyvale"). These clients, however, soon began complaining to Bayou City about the
poor quality of the processed shrimp, and they began canceling orders or seeking to
negotiate lower purchase prices.

 Bayou City believed that deficiencies in South Texas's processing may have been
responsible for the dissatisfaction of their clients. Accordingly, on October 3, 2003, Bayou
City filed suit against South Texas for breach of contract. South Texas responded with a
general denial and a counterclaim alleging breach of contract for payments not received
from Bayou City.

 South Texas waited two years to receive discovery documents from Bayou City's
former counsel. On November 2, 2005, South Texas still had not received the discovery
documents from Bayou City and subsequently filed a motion for no-evidence summary
judgment with the trial court. See Tex. R. Civ. P. 166a(I). In the motion, South Texas
asserted that Bayou City could present no evidence that: (1) the contract had been
breached, (2) Bayou City had suffered damages, or (3) South Texas had been the cause
of any damages suffered by Bayou City.

 On December 28, 2005, Bayou City addressed the three arguments in a response
to the motion for summary judgment. In its response, Bayou City attached several
documents as evidence, virtually all of which were unaccompanied by sworn affidavits. 
Every piece of documentary evidence specifically cited by Bayou City on the damages
issue was unsworn. This evidence included correspondence from clients, correspondence
from Bayou City's former counsel, cancelled checks, and an expert report by Bayou City's
damages expert, Richard Cortez.

 In the unverified expert report, Cortez, a certified public accountant with thirty years
of experience, purportedly opined that Bayou City's damages totaled $1,397,300 as a
result of (1) overpayment for shrimp that was misclassified and/or misgraded, (2) lost
profits from sales to customers with supply agreements, (3) lost sales and profits resulting
from loss of reputation, and (4) property damage.

 On the day of the summary judgment hearing, Bayou City sought to file an affidavit
from Cortez that would swear to the contents of the expert report and opine that the
damages total was slightly lower than originally estimated. At the hearing, South Texas
argued that because Bayou City sought to file the affidavit at such a late juncture, leave
of court was required. See Tex. R. Civ. P. 166a© ("Except on leave of court, the adverse
party, not later than seven days prior to the day of hearing may file and serve opposing
affidavits or other written response."). A visiting judge presided over the hearing, and he
refused to rule on the motion for leave to file the late evidence or the motion for no-evidence summary judgment.

 The sitting trial judge eventually granted South Texas's motion for no-evidence
summary judgment and dismissed South Texas's counterclaim without prejudice on May
9, 2006. The order did not specify the reasons for granting summary judgment, nor did the
court issue an order specifying whether it had granted Bayou City's motion for leave to
attach Cortez's affidavit. Bayou City now brings this appeal.

II. Standard of Review


 A no-evidence summary judgment is a determination by the trial court, after an
adequate time for discovery and upon the motion of a party, that there is no evidence of
one or more essential elements of a claim or defense on which the adverse party would
have the burden of proof at trial. Tex R. Civ. P. 166a(I). A motion under Texas Rule of
Civil Procedure 166a(I) is essentially a motion for a pretrial directed verdict. Id.; Mack
Trucks v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006). Once the motion is filed, the burden
shifts to the nonmoving party to present evidence raising a genuine issue of material fact
as to the elements specified in the motion. W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005). 

 A no-evidence summary judgment is reviewed de novo. Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006) (per curiam). "We review the evidence presented by the
motion and response in the light most favorable to the party against whom the summary
judgment was rendered, crediting evidence favorable to that party if reasonable jurors
could, and disregarding contrary evidence unless reasonable jurors could not." City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).

III. Analysis

 In this case, South Texas moved for no-evidence summary judgment, and Bayou
City responded with evidence that purportedly established a genuine issue of material fact
on the breach of contract claim. As we explain below, however, Bayou City did not present
any competent summary judgment evidence on the issue of damages. See Tex. R. Civ.
P. 166a(f). Because we are barred from giving weight to the incompetent evidence, we are
compelled to affirm the summary judgment. See City of Keller, 168 S.W.3d at 812-13
(citing Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38
Tex. L. Rev. 361, 362-63 (1960)).

 We also address Bayou City's contentions that it did not receive sufficient discovery
time or adequate notice that the court was considering summary judgment, and we
disagree with both arguments.

A. Bayou City Did Not Raise A Genuine Issue of Material Fact on Damages

 In order to maintain an action for breach of contract, a plaintiff must establish all four
of the following elements: (1) a valid enforceable contract existed; (2) the plaintiff
performed or tendered performance; (3) the defendant breached the contract; and (4) the
defendant's breach was the cause of plaintiff's injury. Doss v. Homecomings Fin. Network,
Inc., 210 S.W.3d 706, 713 (Tex. App-Corpus Christi 2006, pet. dism'd). South Texas
attacked Bayou City's breach of contract action on the fourth element--damages. Bayou
City responded by providing the trial court with (1) ten documents--including letters, faxes,
and memoranda--exchanged between parties involved in the claim; (2) the expert report
on damages from Richard Cortez; and (3) an affidavit from Bayou City's vice-president,
Oscar Samaniego. The ten documents and the expert report were unauthenticated, and
therefore incompetent, summary judgment evidence. See City of Keller, 168 S.W.3d at
812-13. The Samaniego affidavit, although it is sworn, fails to raise a genuine issue of
material fact. See W. Invs., 162 S.W.3d at 550.

 1. Documentary Evidence

 Rule 166a(f) of the rules of civil procedure provides:

"Supporting and opposing affidavits shall be made on personal knowledge,
shall set forth such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to testify to the matters stated
therein. Sworn or certified copies of all papers or parts thereof referred to in
an affidavit shall be attached thereto or served therewith."


Tex. R. Civ. P. 166a(f). If, therefore, a statement is unauthenticated, unsworn, and
unaccompanied by an affidavit, it is not competent summary judgment evidence. Hall v.
Rutherford, 911 S.W.2d 422, 426 (Tex. App.-San Antonio 1995, writ denied) (citing Diaz
v. Sw. Wheel, Inc., 736 S.W.2d 770, 773-74 (Tex. App.-Corpus Christi 1987, writ denied));
Kotzur v. Kelly, 791 S.W.2d 254, 256 (Tex. App.-Corpus Christi 1990, no writ). In its response to South Texas's motion for summary judgment, Bayou City
specifically cited ten attached documents as evidence of damages. These documents
included several letters, faxes, and memoranda exchanged between Bayou City and its
clients (specifically Alpine, Sunnyvale, and Fiesta) purportedly showing clients negotiating
lower purchase prices because they were dissatisfied with shrimp quality; correspondence
between Cowen & Bodden, Bayou City's former counsel, and South Texas; and cancelled
checks from Alpine. (2) None of these documents, however, was submitted with an affidavit. 
Therefore, none of the documents were properly authenticated, and they could not serve
as competent summary judgment evidence before the trial court. See Hall, 911 S.W.2d
at 426.

 Bayou City argues that South Texas has waived the right to argue the authentication
deficiency errors at the appellate level because it failed to object in writing at the trial level. 
See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979) (stating
that "both the reasons for the summary judgment and the objections to it must be in writing
and before the trial judge at the hearing"). This rule, however, applies only to defects of
form, and an absence of authentication is not merely a defect of form. See Kotzur, 791
S.W.2d at 257; Tucker v. Atl. Richfield Co., 787 S.W.2d 555, 557 (Tex. App.-Corpus
Christi 1990, writ denied) (citing Trimble v. Gulf Paint & Battery, Inc., 728 S.W.2d 887, 889
(Tex. App.-Houston [1st Dist.] 1987, no writ)). Lack of authentication is a defect of
substance that may be raised for the first time on appeal. Kotzur, 791 S.W.2d at 257;
Blanche v. First Nationwide Mortgage Corp., 74 S.W.3d 444, 451 (Tex. App.-Dallas 2002,
no pet.). Therefore, none of the ten documents are competent summary judgment
evidence.

 2. Expert Report of Richard Cortez

 In addition to the ten unauthenticated documents, Bayou City also attached the
unsworn expert report from Richard Cortez in which Bayou City's damages were estimated
to total $1,397,300. An expert report on damages from someone with the "appropriate
knowledge, skill, experience, training, or education" is permissible evidence and could have
weighed in Bayou City's favor. See, e.g., Toshiba Mach. Co. v. SPM Flow Control, Inc.,
180 S.W.3d 761, 778 (Tex. App.-Fort Worth 2005, pet. granted, judgm't vacated w.r.m.)
(permitting an accountant who had over thirty years of experience and who had contacted
customers about their cancelled sales to testify as an expert on damages and lost profits
in a breach of contract suit). Cortez's report, however, was unauthenticated and thus
incompetent summary judgment evidence--much like the letters, faxes, memoranda, and
checks. See Tucker, 787 S.W.2d at 557; see also Twist v. Garcia, No. 13-05-00321-CV,
2007 Tex. App. LEXIS 7187, *12-14 (Tex. App.-Corpus Christi Aug. 30, 2007, no pet. h.)
(mem. op.) (applying the authentication requirement for summary judgment documentary
evidence to expert reports).

 While it is true that on the day of the hearing Bayou City sought leave of court to
attach an affidavit from Cortez to the expert report, the trial court never ruled on the motion
for leave before handing down the summary judgment. When the record lacks any
indication of how a court ruled on a motion seeking leave of court for a late filing, "we must
presume the court did not consider it and we must do likewise." Neimes v. Kien Chung Ta,
985 S.W.2d 132, 138 (Tex. App.-San Antonio 1998, pet. dism'd) (citing Benchmark Bank
v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); Goswami v. Metro. Sav. & Loan Ass'n, 751
S.W.2d 487, 491 (Tex. 1988); INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985)). 
Thus, we must presume that the trial court, in its discretion, did not consider Cortez's
affidavit. This would have left the trial court with an expert report that was unauthenticated
and therefore incompetent.



 3. Affidavit of Oscar Samaniego

 The only evidence of damages that is verified, and thus competent, is an affidavit
from Bayou City's vice-president, Oscar Samaniego, stating that "as a result of [South
Texas's] breach and wrongful acts, Bayou City sustained damages, including direct losses,
lost profits, lost business and sales, and its reputation was damaged." However, this
conclusory affidavit from the plaintiff's vice-president, which makes no direct reference to
any other attached evidence and which is unaccompanied by a single other piece of
competent summary judgment evidence, is not sufficient to raise a genuine issue of
material fact on the damages element. Paragon Gen. Contractors, Inc. v. Larco Constr.,
Inc., 227 S.W.3d 876, 883 (Tex. App.-Dallas 2007, no pet.) ("Conclusory affidavits do not
raise fact issues.").

 Because none of the documentary evidence on damages that was offered by Bayou
City was properly authenticated, none of the documents could have been considered. See
City of Keller, 168 S.W.3d at 812-13. Bayou City was left with a damages argument that
was supported by no evidence other than a conclusory affidavit from its own vice-president. 
We agree with the trial court's assessment that this was not enough to present a genuine
issue of material fact. Moreover, because Bayou City failed to present any competent
damages evidence, its entire claim for breach of contract failed regardless of the evidence
that it may have presented on the other three elements of its claim. See Doss, 210 S.W.3d
at 713 (explaining that all four elements of a breach of contract must be met in order to
maintain the claim). We need not, therefore, address the merits of Bayou City's liability
argument. Due to the complete absence of competent damages evidence in Bayou City's
response to South Texas, we are compelled to affirm the trial court's grant of no-evidence
summary judgment.

B. Bayou City Received Adequate Time for Discovery from the Trial Court

 Bayou City also argues that even if we determine there was no evidence of breach
of contract, reversal is warranted because the trial court failed to provide Bayou City with
adequate time for discovery. We disagree.

 To determine whether adequate time for discovery has passed, we consider the
following list of non-exclusive factors: (1) the nature of the case; (2) the nature of the
evidence necessary to controvert the no-evidence motion; (3) the length of time the case
was active; (4) the amount of time the no-evidence motion was on file; (5) whether the
movant had requested stricter deadlines for discovery; (6) the amount of discovery already
taken place; (7) whether the discovery deadlines in place were specific or vague. Madison
v. Williamson, No. 01-05-00678, 2007 Tex. App. LEXIS 7844, at *18-19 (Tex.
App.-Houston [1st Dist.] Sept. 27, 2007, no pet. h.); see also McNeal v. Thomas, No. 13-03-347-CV, 2005 Tex. App. LEXIS 1338, at *25 (Tex. App.-Corpus Christi Feb. 17, 2005,
no pet.) (mem. op.). It is extremely unusual to reverse a no-evidence summary judgment
on the ground that adequate time for discovery has not passed. In fact, as recently as
2001, the San Antonio Court of Appeals observed that no Texas appellate court had ever
done so. See Martinez v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.-San
Antonio 2001, pet. denied) ("No Texas appellate court has overturned a no-evidence
summary judgment on the ground that adequate time for discovery had not passed.").

 Applying some of the factors outlined in Madison, we see no reason why this case
should be an exception. The dispute was a breach of contract that turned principally on
documentary evidence which the Bayou City had approximately two years to gather before
the motion for summary judgment was filed. Then, as the January 4th summary judgment
hearing date approached, Bayou City sought and received a continuance delaying the
hearing until February 1st. Bayou City had well over two years--far more than adequate
time--to conduct discovery in this case. See Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d
140, 146 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (finding that sixteen months
was adequate discovery time before a motion for no-evidence summary judgment).

 We believe Bayou City had more than adequate time to conduct discovery in this
case, and reversal on this basis is not warranted.

C. Bayou City Received Adequate Notice that the Trial Court was Considering the
Motion for Summary Judgment


 Bayou City also argues that even if we determine there was no evidence of breach
of contract and that Bayou City had adequate time for discovery, reversal is warranted
because Bayou City was not provided with adequate notice that the trial court was
considering the motion for summary judgment. In particular, Bayou City argues that after
the visiting judge declined to rule on the motion, it was entitled to renewed notice that the
sitting judge was now considering the motion. We disagree.

 Parties to a summary judgment are not entitled to a hearing. In re Am. Media
Consol., 121 S.W.3d 70, 74 (Tex. App.-San Antonio 2003, orig. proceeding) (citing
Timothy Patton, Summary Judgments in Texas § 7.01 (3rd ed. 2002)). If the trial court
grants a summary judgment hearing, however, the nonmovant is entitled to twenty-one
days notice of the hearing. Tex. R. Civ. P. 166a©. The purpose of notice is "to prevent
rendition of summary judgment without the non-movant having full opportunity to respond
on the merits of the motion." Winn v. Martin Homebuilders, Inc., 153 S.W.3d 553, 556
(Tex. App.-Amarillo 2004, pet. denied) (citing Williams v. City of Angleton, 724 S.W.2d
414, 417 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)). After the hearing, trial
courts are widely recognized to have "considerable discretion" in the time they take to issue
a summary judgment decision. Zalta v. Tennant, 789 S.W.2d 432, 433 (Tex.
App.-Houston [1st Dist.] 1990, orig. proceeding) (refusing to grant mandamus relief to
relator because the trial court's over one-year-long wait to decide on a motion for summary
judgment was not an abuse of discretion).

 South Texas moved for summary judgment on November 2, 2005, and the trial court
set a hearing for January 4, 2006. Bayou City was given twenty-one days notice of this
hearing. Bayou City then filed a motion for continuance. The motion was granted, and the
summary judgment hearing was reset for February 1, 2006. Bayou City had twenty-one
days notice of this hearing date also. At the February 1 hearing, a visiting judge declined
to rule on the motion, leaving it a pending motion for summary judgment. Approximately
three months later, on May 9, 2006, the sitting judge issued an order granting the motion.

 When the trial court issued its May 9 summary judgment, Bayou City had already
received notice and properly met its response and reply deadlines for the February 1
hearing. Therefore, it was not entitled to any further notice. See Winn, 153 S.W.3d at 556. 
Bayou City, however, appears to argue that once the sitting judge returned to consider the
motion, it was entitled to additional notice that a different judge--one who had not been
present at the hearing--was considering the motion. The argument fails, however,
because there is no recognized distinction between the visiting judge and the sitting
judge--both judges equally hold the power of the trial court. See Tex. Gov't Code Ann.
§ 74.059 (Vernon 2007) ("A judge assigned under the provisions of this chapter has all the
powers of the judge of the court to which he is assigned.").

 In short, Bayou City was granted a February 1 summary judgment hearing, for which
it received adequate notice. A decision on the summary judgment was issued on May 9. 
This interval of slightly over three months is not beyond the "considerable discretion" a trial
court has in the time it takes to issue a decision. See Zalta, 789 S.W.2d at 433. The trial
court did not fail to provide adequate notice that it was considering a motion for summary
judgment.

IV. Conclusion

 Because virtually all of the damages evidence presented by Bayou City was
unauthenticated, Bayou City provided no evidence of damages in its breach of contract
claim. This deficiency alone--regardless of what evidence Bayou City may have presented
as to the other breach of contract elements--compelled the trial judge to find that no
genuine issue of material fact existed and to grant South Texas's no-evidence summary
judgment motion. We agree with the decision of the trial court, and furthermore, because
we believe the trial court provided Bayou City with adequate discovery time and adequate
notice of its decision, we affirm the judgment.

 


 _____________________________

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and

filed this the 20th day of November, 2007.

1. Specifically, it is undisputed that South Texas had the following contractual responsibilities: (1) to
hire the truck and fill totes (large plastic vats) with ice slush prior to the shrimp harvest; (2) to organize the
collection, weighing, and counting of the shrimp; (3) to defrost and wash the shrimp; (4) to inspect the shrimp
prior to weighing; (5) to provide quality assurance personnel to evaluate the size of the shrimp; (6) to weigh
the shrimp at a rate of at least 10,000 pounds per hour with weights agreed upon by buyer and seller; (7) to
load the product, after weighing, into totes and then onto a tractor trailer for delivery to Bayou City; (8) to pack
20.8 pounds of shrimp into 20 pound individually quick frozen ("IQF") shrimp packs (IQF shrimp are processed
differently than shrimp which are stored in ice slush); and (9) to maximize the amount of glaze used on the
shrimp after they had been placed in the shrimp packs.
2. Bayou City describes the checks as cancelled, but they are also stamped "N.S.F." which, as South
Texas notes, is an indicator that the checks may simply have been returned due to insufficient funds. 
Whatever the proper characterization of the checks may be, they are unauthenticated, and therefore not
proper evidence before this court. See City of Keller, 168 S.W.3d at 812-13. Indeed, this is an example of
why authentication rules exist, and why we are obligated to enforce them strictly. Had Bayou City included
an affidavit from Alpine swearing to the cancelled checks, there would be no dispute about whether the checks
were cancelled or returned, and we could consider them as competent summary judgment evidence. Id.