**Concurring Opinion Filed July 24, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00486-CV

**KYÄNI, INC., TODD THOMPSON, SCOTT BOULCH, VOLKER HARTZSCH A/K/A MARK DAVENPORT, BRANDON STEVENS, AND JAMES BRADFORD, Appellants**

**V.**

**HD WALZ II ENTERPRISES, INC., Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07637**

# CONCURRING OPINION
Before Justices Francis, Evans, and Boatright
Concurring Opinion by Justice Evans

I agree with and join in the judgment and opinion of the majority, except as to the reasoning regarding HD Walz II Enterprises, Inc.'s objections to authenticity. As to authenticity, I concur in the majority opinion's result but for these reasons.

First, authenticity is a form objection that is not preserved if a ruling is not obtained. *See In re B.N.L.-B.*, 375 S.W.3d 557, 566 (Tex. App.—Dallas 2012, no pet.); *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 169 S.W.3d 27, 34 (Tex. App.—Corpus Christi 2005), *aff'd on other grounds*, 275 S.W.3d 444 (Tex. 2008). "Rule 33.1(a) requires a timely and ruled-upon objection to preserve error." *Seim v. Allstate Tex. Lloyds*, No. 17-0488, 2018 WL 3189568, at *3 (Tex. June 29, 2018) (per curiam) (citing TEX. R. APP. P. 33.1(a)). There is no written ruling in this record nor anything that clearly implies a ruling by the trial court on Walz's authenticity

objections.  *See Seim*, 2018 WL 3189568, at *4 (citing *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003)).  Because Walz's authenticity objection was not preserved, there is no trial court ruling for us to review; that is, nothing for us to decide.[1]

Second, if we were to decide the merits of Walz's authenticity objection, I would decide the records were authenticated as business records.  We review a trial court's ruling on the admissibility of evidence for an abuse of discretion.  *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011).  A trial court abuses its discretion when it rules without regard for any guiding rules or principles.  *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).  Although appellants did not argue the applicability of Texas Rule of Evidence 902(10), it is appellee Walz that complains about the trial court's failure to sustain its evidentiary objections.  So we are not limited to appellants' arguments because we must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling.  *Id.*

Business records are admissible in evidence pursuant to rule 803(6) and are self-authenticated when accompanied by an affidavit in the form of, and served in accordance with, rule 902(10).  *See* TEX. R. EVID. 803(6), 902(10); *Lyons v. Deutsche Bank Nat'l Tr. Co.*, No. 05-16-00607-CV, 2017 WL 817143, at *1 (Tex. App.—Dallas Mar. 2, 2017, pet. denied) (mem. op.) ("[B]usiness records accompanied by an affidavit meeting the requirements of evidence rule 902(10) are self-authenticating.").  The record reflects that appellants served Walz more than fourteen days before the hearing on the motion to compel arbitration with their amended motion to compel arbitration that attached Joshua K. Chandler's affidavit, thus the service complied with

---

[1] Our Court has decided, "A complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal." *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.) (citing *Kotzur v. Kelly*, 791 S.W.2d 254, 257 (Tex. App.—Corpus Christi 1990, no writ)).  Here, Walz complains only that there are various inadequacies in the authenticity proof in Chandler's affidavit, not that there is a complete absence of authenticity evidence.  In addition, the majority's and my resolution of the authenticity issue demonstrates there was evidence of authenticity in the record.  So, there is not a complete absence of authentication in the record; therefore, the defect complained of is one of form, not substance.  Accordingly, *Blanche* does not apply.

–2–

rule 902(10)(A). As paragraphs three through seven of Chandler's affidavit track the substance and form of rule 902(10)(B)1-6, the "affidavit is sufficient" as a matter of law. TEX. R. EVID. 902(10)(B) ("An affidavit is sufficient if it includes the following language, but this form is not exclusive."). Therefore, after the majority's resolution of Walz's objections to Chandler's personal knowledge and the specific objection to the date of Exhibit K, I would conclude that to the extent it impliedly ruled on the issue, the trial court did not abuse its discretion by rejecting Walz's authenticity objection because Chandler's affidavit properly authenticated the documents pursuant to rule 902(10) as business records.

For these reasons, I agree with and join in the judgment and opinion of the majority, except as to the reasoning regarding Walz's objections to authenticity with which I can only concur.


/David Evans/
DAVID EVANS
JUSTICE


170486CF.P05