NO. 07-03-0031-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 29, 2004

_____

BANKS WINN AND FELICIA WINN, APPELLANTS

V.

MARTIN HOMEBUILDERS, INC., APPELLEE

_____

FROM THE 172ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. E165664; HONORABLE DONALD J. FLOYD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellants Banks and Felicia Winn appeal a summary judgment in favor of the builder of their residence, appellee Martin Homebuilders, Inc. They present two issues, contending that the trial court erred first in rehearing and granting the motion for summary judgment without adequate notice to appellants that the motion would be reheard; and secondly in granting summary judgment based on limitations. We affirm.

The Winns bought their home from Martin in March 1992, and occupied it at that time. The home was newly constructed, and its construction was complete when the Winns bought it. Within two to three months after moving into the house, the Winns began to notice what they considered to be problems with the construction, first indicated by cracks in their driveway and patio. They also noticed that the Sheetrock was cracking and doors would not close. They notified Martin, whose representative told the Winns the damage was due to normal settling of the house. Martin made repairs to the Sheetrock and filled the crack in the patio. In March 1994 the Winns submitted a claim to Home Owners Warranty Corp. (HOW) under a warranty contract they had purchased. Among other defects, the Winns there referred to a "deep, long and severe crack in concrete on patio" and a one-inch drop of the back door.[1] In August of 1997 the Winns again contacted HOW regarding severe cracking in the Sheetrock, Sheetrock separating from baseboards, separation of a window ledge from the window, water leaks on the window ledge, cracking in mortar and tile, and cabinet, room, and closet doors that would not close.

The Winns filed this suit on September 9, 2001, alleging failure of the foundation of the residence, and claiming damages pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA),[2] and for breach of warranty and negligence. After taking the Winns' depositions, Martin filed a motion for summary judgment asserting that the Winns' claims were barred by the two-year statutes of limitations associated with the DTPA

---

[1]The Winns purchased the HOW homeowner's warranty through the real estate agent. They received no payment from the company issuing the warranty. Banks Winn testified he believed HOW was no longer in business.

[2]Tex. Bus. & Com. Code Ann. §§ 17.41-.506, .55-.63 (Vernon 2002).

and negligence causes of action, and the four-year limitation period for the warranty claims. The Winns' response contended that their time period for bringing suit was governed by Section 16.009 of the Civil Practice & Remedies Code.

The Honorable Robert Walker, visiting judge in the 172nd District Court, presided over the summary judgment hearing. He requested the parties file briefs. After the briefs were filed, the sitting judge, the Honorable Donald Floyd, returned and ruled, denying the motion for summary judgment on August 20, 2002. Martin filed a motion for rehearing on September 13, 2002, requesting the opportunity to present oral argument to Judge Floyd. The record does not contain an order setting a hearing on the motion for rehearing or otherwise provide documentation of the notice of hearing given the parties.[3] In any event, the court held a hearing on September 26, 2002, thirteen days after Martin's motion for rehearing was filed. The record before us contains no reporter's record of that hearing, but it is undisputed that appellants appeared at the hearing, and that the court heard arguments on the motion for summary judgment and granted it. The written judgment was signed the same day.

In support of their first issue, the Winns correctly cite *Chadderdon v. Blaschke*, 988 S.W.2d 387 (Tex.App.–Houston [1st Dist.] 1999, no pet.) for the proposition that Rule of Civil Procedure 166a(c) requires at least 21 days' notice of the hearing on a motion for summary judgment, regardless how far in advance of the hearing the non-movant receives

[3]The Winns' brief on appeal states that they received notice from Martin that the court would hear "Defendant's Motion for Re-Hearing on its Motion for Summary Judgment . . . on Thursday, September 26, 2002." The record does not reflect that notice, but Martin does not dispute the Winns' account.

the motion itself.  *Id*. at 388.  *Chadderdon* and other cases establish the non-movant's entitlement to 21 days' notice of the initial hearing on a motion for summary judgment. *See, e.g., Lewis v. Blake,* 876 S.W.2d 314 (Tex. 1994) (per curiam); *Birdwell v. Texins Credit Union*, 843 S.W.2d 246, 250 (Tex.App.–Texarkana 1992, no writ).  But from that proposition, the Winns contend they were entitled to 21 days' notice "before the motion for summary judgment was heard a second time."  Case law does not support the contention. The trial court's reconsideration of its ruling denying Martin's motion did not make necessary a second 21-day notice.  Denial of a motion for summary judgment is not a final adjudication, but an interlocutory ruling that may be changed or modified until a final judgment is rendered. *See Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 262 (Tex.App.–Houston [1st Dist.] 1994, writ denied); *see generally* 3 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 18:30 (2d ed. 2000).  A motion for summary judgment previously denied may be granted without a further motion or prior notice to the parties.  *Rush v. Barrios*, 56 S.W.3d 88, 98 (Tex.App.–Houston [14th Dist.] 2001, pet. denied); *H.S.M. Acquisitions, Inc. v. West*, 917 S.W.2d 872 (Tex.App.–Corpus Christi 1996, writ denied). The notice received by the Winns before the hearing at which the trial court reconsidered Martin's motion did not violate any summary judgment notice rule.

The notice provisions of Rule 166a are intended to prevent rendition of summary judgment without the non-movant having full opportunity to respond on the merits of the motion. *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.).  Martin's motion for summary judgment was filed June 26, 2002.

-4-

The Winns filed a response on July 25. It appears a hearing on the motion was held on August 2. The record does not reflect notice of the hearing, but the Winns do not contest Martin's statement that they received the required 21 days' notice. Both sides submitted the briefs requested by the visiting judge. The briefs addressed the only ground raised in the Winns' response to Martin's motion for summary judgment, that being the Winns' contention based on Section 16.009 of the Civil Practice & Remedies Code. The record reflects the Winns were afforded, and exercised, full opportunity to respond on the merits of the motion. Their first issue is overruled.

By their second issue the Winns assert summary judgment should not have been granted against them because Martin "did not establish that every exception to the statute of limitations was eliminated." Martin points out the issue as stated in the Winns' brief in this court is not the same issue as that presented to the trial court in their response to its motion for summary judgment and the brief they filed at the trial court's request. We must agree. The Winns argued in the trial court that they were entitled to a period of at least ten years from their purchase of the residence to file suit against Martin, under the provisions of Section 16.009 of the Civil Practice & Remedies Code.[4] In the context of that argument, they referred to their deposition testimony that a representative of Martin told them there was nothing wrong with the construction of their home and the defects they observed were

_____

[4]They also argued that the ten-year period was further extended by virtue of written claims submitted to Martin in 1997 and 1998. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 16.009(c) (Vernon 2002). Martin has contended in the trial court and on appeal that the ten-year statute of repose provided by Section 16.009 of the Civil Practice & Remedies Code has no application at all to this case. The issues presented on appeal do not require us to address its application.

due to natural settling of the foundation. The Winns argued the statements constituted "willful misconduct and concealment in connection [with] the construction."[5] The Winns' brief in this court does not cite or make mention of Section 16.009. Instead, citing *Al Parker Securities Co. v. Owen*, 1 S.W.2d 271, 272 (Tex. Comm'n App. 1928, judgm't adopted) and *Johnson v. Buck*, 540 S.W.2d 393, 413 (Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.), they contend Martin's willful misconduct and concealment raised an exception to the statutes of limitations, and Martin was not entitled to summary judgment because it failed to negate that exception. Issues not expressly presented to the trial court are not to be considered on appeal as grounds for reversal of a summary judgment. Tex. R. Civ. P. 166a(c); *see Casso v. Brand*, 776 S.W.2d 551, 553 (Tex. 1989) (all theories in support of a summary judgment, as well as all opposing issues, must be presented in writing to the trial court). Our consideration of the theory the Winns' now argue in their second issue is precluded because it was not expressly presented to the trial court.

Moreover, even if the Winns had properly preserved a contention that Martin fraudulently concealed actionable conduct so as to toll limitations, the contention would not call for reversal of Martin's summary judgment. As noted, the Winns' pleadings asserted claims based on negligence, deceptive trade practices and breach of warranty. The applicable statutes of limitations are two and four years.[6]

---

[5]*Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 16.009(e)(3) (Vernon 2002), providing that the statute does not bar an action based on wilful misconduct or fraudulent concealment in connection with the performance of the construction or repair.

[6]Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (two-year statute applicable to claims based on negligence); Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997); *Richman v. Watel*, 565 S.W.2d 101, 102 (Tex.Civ.App.–Waco, 1978, writ ref'd n.r.e.)

Fraudulent concealment is based on the doctrine of equitable estoppel, and where applicable, estops a defendant from relying on the statute of limitations as an affirmative defense to the plaintiff's claim. *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983); *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex.App.–Fort Worth 1997, pet. denied). The elements of fraudulent concealment are: (1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception. *Mitchell Energy Corp.,* 958 S.W.2d at 439. For purposes of this discussion, we will assume that the summary judgment evidence raised an issue of material fact on each of those elements. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999) (in summary judgment proceeding, party asserting fraudulent concealment as affirmative defense to limitations must raise issue and come forward with summary judgment evidence raising fact issue on each element).

Fraudulent concealment tolls or suspends the running of limitations because the defendant has concealed from the plaintiff facts necessary for the plaintiff to know that he has a cause of action against the defendant. *DiGrazia v. Old*, 900 S.W.2d 499, 504 (Tex.App.–Texarkana 1995, no writ). The estoppel effect ends, and the statute of limitations begins to run when a plaintiff has knowledge of facts, conditions or

---

(claims based on an alleged breach of implied warranty must be brought within four years of the injury); Tex. Bus. & Com. Code Ann. § 17.565 (cause of action under the DTPA must be brought within two years of the injury or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice). The Winns do not contend that limitations was extended under the discovery rule. *See generally HECI Exploration Co. v. Neel*, 982 S.W.2d 881 (Tex. 1998).

circumstances that would cause a reasonable person to make an inquiry, which, if pursued, would lead to discovery of the concealed cause of action, because such knowledge is the equivalent for limitations purposes of knowledge of the cause of action itself. *Bayou Bend Towers Council of Co-Owners v. Manhattan Constr. Co.*, 866 S.W.2d 740, 746 (Tex.App.–Houston [14th Dist.] 1993, writ denied); *Stephens v. James*, 673 S.W.2d 299, 303 (Tex. App.--Dallas 1984, writ ref'd n.r.e.).

Banks Winn testified that his first indication the foundation was failing occurred prior to 1995. He testified that in March of 1994 he sent a letter to Martin and HOW requesting Martin to repair, among other things, the crack in the concrete on the patio and the one-inch drop in the back door. He testified:

> Q: If you had to tell me what gave you your first indication that the foundation was bad, what would it be?
>
> A: My first indication was when the hairline split was on the patio, you know, when it kept growing, and then we start having trouble with some of the windows and the door drop.
>
> Q: Okay.
>
> A: And then he [Mr. Martin] came out there and told us that it was just the house settling. And then after they done that minor repair, it kept having problems and then that's when I figured we had a problem with the patio. I'm going to say with the foundation.
>
> Q: With the foundation?
>
> A: Yes
>
> Q: And all that happened before 1995?
>
> A: Before '95.

Banks Winn's deposition testimony also contains this exchange:

Q:      [By counsel for the Winns] All right. Now, when Mr. Martin was out there telling you that it was settling, was he just telling you that's normal to expect that?

A:      He said that was normal to expect a house to have some settling when you first get in it.

Q:      [By counsel for Martin] When did you start to fear that your house was experiencing settlement that was not normal?

A:      When the door dropped some, and that shouldn't happen. And then when Mr. Martin would refuse to come out. We called him quite a few times, and he seemed to avoid the questions. I figured we had a problem at the house.

Q.      That was before 1995?

A:      Yes, sir.


Felicia Winn's testimony was similar:

Q:      At what time prior to August 20th of 1997 did you, yourself, not you and your husband together, but you personally become concerned about the foundation of the house?

A:      In 1994.

Q:      You thought that it was failing?

A:      Yes.


Viewing the summary judgment evidence in the Winns' favor, their testimony nonetheless conclusively established that, no later than 1995, they were aware of damages and defects to their home that, despite Martin's representations to the contrary, could not be explained by "normal" settling of the foundation.  Even assuming Martin's statements amounted to fraudulent concealment of a cause of action against the homebuilder, the Winns' knowledge of those facts and circumstances was sufficient to put a reasonable person on inquiry, and thus sufficient to end any tolling of limitations due to the estoppel effect of the statements. *See Bayou Bend*, 866 S.W.2d at 746-47.  Neither of the cases

the Winns cite require a different conclusion. The Winns' second issue is overruled. The trial court's judgment is affirmed.


James T. Campbell
Justice