



## MEMORANDUM OPINION

No. 04-11-00822-CV

Dionisio G. **TORRES** d/b/a Torres Design & Construction and Torres Design & Construction, Inc.,
Appellant

v.

Ricardo **GARCIA** and Doris Garcia,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2009-CVF-000962-D3
Honorable Elma T. Salinas Ender, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2012

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This is an appeal from a summary judgment in favor of Ricardo Garcia and Doris Garcia

("the Garcias").[1]  Appellant Dionisio G. Torres d/b/a Torres Design & Construction and Torres

Design & Construction ("Torres") challenges the trial court's judgment, contending: (1) the

"motion for summary judgment was heard and granted without giving [Torres] the notice

---

[1] Doris Garcia changed her name to Doris Pena in April 2011, following her divorce from Ricardo Garcia.
However, we will refer to appellees as the Garcias, and to Doris as Doris Garcia because the judgment was granted
in that name.

required by Rule 166a(c) of the Texas Rules of Civil Procedure"; (2) the Garcias failed to prove they were entitled to judgment as a matter of law; and (3) the trial court erred in denying his motion for new trial; and (4) the trial court erred in awarding attorneys' fees to the Garcias. We affirm the trial court's summary judgment in part, but reverse and remand in part.

## BACKGROUND

According to the Garcias' motion for summary judgment, they contracted with Torres for the construction of a home in Laredo, Texas. Torres began construction of the home in September 2006. Pursuant to the contract, the Garcias made payments to Torres as the home was constructed. In July 2007, Torres abandoned construction of the home without completing it. At the time of the abandonment, the Garcias had paid Torres over $100,000.00.

The Garcias claim that in September 2007, they first noticed interior cracks in the sheetrock and in the exterior brick veneer of the home. They notified Torres, and he told them he would send someone to investigate and make repairs. However, no one ever came to investigate, and the Garcias' numerous requests for repairs went unanswered.

Ultimately, the Garcias hired an engineer to inspect their home. The engineer concluded the house "suffered differential foundation movement and related damages" as a result of improper design and workmanship. The engineer also noticed design and construction problems previously unknown to the Garcias.

After receiving the engineer's report, the Garcias hired a plumber to inspect the home's plumbing system. The plumber concluded there were no leaks in the plumbing system, but he discovered "various construction defects" in the system due to improper construction.

Based on the reports from the engineer and the plumber, the Garcias hired a loss consulting firm to estimate the cost of repairs to the house. The loss consulting firm estimated it would cost more than $83,000.00 to complete the construction and repair of the Garcias' home.

In 2009, the Garcias filed suit against Torres, alleging claims for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and negligence. After Torres filed his answer, the Garcias moved for summary judgment on their claims. Ultimately, the trial court granted summary judgment in favor of the Garcias. Torres perfected this appeal.

## *Analysis*

As noted above, Torres raises four issues challenging the trial court's summary judgment in favor of the Garcias. His issues concern inadequate notice of the summary judgment hearing, the validity of the summary judgment, the denial of his motion for new trial, and the award of attorneys' fees.

## *Inadequate Notice*

Torres first contends the trial court erred in hearing and granting the Garcias' motion for summary judgment without giving Torres the notice required by Rule 166a(c). Although we agree Torres did not receive adequate notice of the summary judgment hearing, we hold he has waived any complaint regarding this issue.

Rule 166a(c) states that without leave of court, the movant must file and serve the motion for summary judgment and any supporting affidavits on the adverse party "at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). Moreover, "[t]he non-movant is entitled to 21 days' notice of the hearing no matter how far in advance of the hearing he receives the motion itself." Timothy Patton, SUMMARY JUDGMENTS IN TEXAS § 2.01[1][a] (3d ed. 2011) (citing *Chadderdon v. Blaschke*, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.]

1999, no pet.)) (holding that Rule 166a(c) requires at least twenty-one days' notice of hearing on motion for summary judgment regardless of how far in advance of hearing non-movant receives motion itself); *see also Winn v. Martin Homebuilders, Inc.*, 153 S.W.3d 553, 555 (Tex. App.—Amarillo 2004, pet. denied) (same).

The summary judgment hearing was set for July 25, 2011. It is undisputed that Torres did not receive written notice of the hearing date until July 18, 2011. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 612-13 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding notice of summary judgment hearing must be in writing). Accordingly, Torres did not receive sufficient notice of the summary judgment hearing. However, because Torres received inadequate notice rather than no notice, Torres was required to raise the issue in his motion for new trial and make a showing of harm. *Nazimuddin v. Woodlane Forest Civic Ass'n, Inc.*, No. 04-03-00528-CV, 2005 WL 356953, at *1 (Tex. App.—San Antonio Feb. 16, 2005, no pet.) (mem. op) (citing *Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 710 (Tex. App.—San Antonio 1996, writ denied)).[2] Preservation is required because the failure to receive adequate notice of a summary judgment hearing is non-jurisdictional error. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.).

Although Torres filed a timely motion for new trial, he did not raise a complaint about inadequate notice of the summary judgment hearing. Accordingly, appellant has not preserved

---

[2] Some appellate courts seem to hold a motion for new trial is insufficient to preserve error. These courts hold that if a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must complain about the inadequate notice in writing before the end of the summary judgment hearing. *See Fertic v. Spencer*, 247 S.W.3d 242, 247 (Tex. App.—El Paso 2007, pet. denied); *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied); *May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.); *Rios v. Tex. Bank*, 948 S.W.2d 30, 32-33 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Allen v. Roddis Lumber & Veneer Co.*, 796 S.W.2d 758, 763 (Tex. App.—Corpus Christi 1990, writ denied); *see also* Timothy Patton, SUMMARY JUDGMENTS IN TEXAS § 2.01[4][b] (3d ed. 2011) (stating that to complain about inadequate notice on appeal, nonmovant must object in trial court and should move for continuance under Rule 166a(g)).

this complaint for our review. *See Nazimuddin*, 2005 WL 356953, at *1 (citing *Tivoli Corp.*, 932 S.W.2d at 710).

*Summary Judgment*

In his second issue, Torres broadly contends the trial court erred in granting summary judgment in favor of the Garcias because they failed to prove entitlement to judgment as a matter of law. However, in his substantive argument, Torres challenges the summary judgment only on the grounds that (1) Doris Garcia "failed to prove by competent summary judgment evidence that she was legally divorced from RICARDO and that she had the authority to prosecute the motion for summary judgment"; and (2) Doris's attorneys "had a disqualifying conflict of interest because they could not represent the best interests of DORIS and those of RICARDO."

We begin by noting that Torres does not provide any record citations within his discussion of this issue. Accordingly, we are within our authority to hold this issue is waived due to inadequate briefing. *See Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.—San Antonio Mar. 10, 2012, pet. denied) (mem. op.) (holding failure to provide appropriate record citations or substantive analysis waived appellate issue); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or authority waives appellate review); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing). However, even if we were to consider Torres's issue, we would find it without merit.

Torres appears to be challenging either Doris Garcia's standing to prosecute this matter or her capacity to do so. "A plaintiff must have both standing and capacity to bring a lawsuit."

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "Standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Id.* (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1559, at 441 (2d ed. 1990)). A plaintiff who is "personally aggrieved," regardless of whether she is acting with legal authority, has standing. *Nootsie v. Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). A person who has legal authority to act has capacity to sue. *Id.* Based on the summary judgment record, we hold Doris Garcia has both – despite Torres's claim that her divorce from her husband deprived her of standing and/or capacity.

The undisputed summary judgment evidence establishes Doris Garcia was a party to the construction contract with Torres. It was this contract Torres breached by failing to complete construction of the house and by failing to construct the house properly. It is from this contract and Torres's actions relating to the construction of the house that all of the Garcias' claims flow. Accordingly, we hold the record establishes Doris Garcia was "personally aggrieved" and had legal authority to act, giving her standing and capacity to bring and maintain the suit against Torres. Torres fails to explain, and we fail to see, based on the record, how the divorce between Doris and Ricardo deprived Doris of standing or capacity.

As for Torres's claim that the Garcias' attorneys were disqualified from representing them, we cannot see how this renders the summary judgment improper. Admittedly, the Texas Disciplinary Rules of Professional Conduct state an attorney shall not represent a person if the representation of that person is "directly adverse to another client." TEX. DISCIPLINARY RULES

PROF'L CONDUCT R. 106(a)(1), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West Supp. 2012) (TEX. STATE BAR. R. art. X, § 9). However, even if we were to consider this a proper challenge to the summary judgment, we hold that based on the summary judgment record, it appears the Garcias, rather than being "directly adverse" to one another in the suit against Torres, had the same interest in prosecuting the suit. Moreover, even if the Garcias were somehow adverse to one another, they could have waived the conflict. *See id.* R. 1.06(c). In any event, as stated above, we cannot see how the summary judgment is erroneous based on a possible conflict between the Garcias–the Garcias do not suggest such a conflict existed.

We hold Torres's challenges to the summary judgment are without merit. Accordingly, we overrule this issue.

### *Motion for New Trial*

In his third issue, Torres contends the trial court erred in overruling his motion for new trial. We note the motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) (stating that if motion for new trial is not determined by written order signed within seventy-five days after judgment was signed, it is considered overruled by operation of law).

In the argument on this issue, Torres states the purpose of a motion for new trial – to point out reversible errors of the trial court and allow the court to correct such errors – and cites authority supporting the statement. He then states that in his motion he "posited 22 reasons why a new trial should be granted," and states the denial of the motion without a hearing deprived him of an opportunity to show the summary judgment was granted without adequate notice. Torres then lists twelve "meritorious points" that were contained within the motion for new trial. There is merely a list with no argument or citation to authority.

We begin by noting that, as discussed in our analysis of his first issue, Torres did not assert in his motion for new trial that he received inadequate notice of the summary judgment hearing. Therefore, his contention that the denial of an actual hearing precluded presentation of this issue is without merit. Moreover, whether to hold an evidentiary hearing on a motion for new trial in a civil matter is generally within the trial court's discretion. *Hamilton v. Pechacek*, 319 S.W.3d 801, 807 (Tex. App.—Fort Worth 2010, no pet.). The only exception is when a ground in the motion, which is supported by affidavit, alleges jury misconduct. *Id.*; TEX. R. CIV. P. 327 (stating that when ground of motion for new trial, supported by affidavit, is misconduct of jury, "the court shall hear evidence thereof from the jury or others in open court"). This was a summary judgment proceeding, so Rule 327 is inapplicable. We cannot say the trial court abused its discretion in failing to hold a hearing on an issue not raised in the motion for new trial.

As for the list of twelve "meritorious points" requiring a new trial, we hold Torres has waived any complaint due to inadequate briefing. As noted above, Torres's issue is comprised of nothing more than a list of alleged errors. Torres provides no argument, analysis, or citation of authority to support his claim that these issues, or the others contained in the motion for new trial, are grounds for reversal.

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. More specifically, Rule 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(f). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *Niera*, 2010 WL 816191, at *3; *WorldPeace*, 183 S.W.3d at 460;

*Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.*, 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied); *see also Fredonia State Bank*, 881 S.W.2d at 284-85.

Although appellate courts are to construe briefing requirements reasonably and liberally, a party asserting error on appeal must put forth some specific argument and analysis, and provide record citations and authority in support thereof. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Torres includes case law providing the general purpose of a motion for new trial, but nothing more. Although he includes citations to the record, he did not provide any argument or cite any authority in support of the reasons he contends a new trial should have been granted. In the absence of any legal analysis or citation to appropriate authorities, we hold Torres has presented nothing for our review. *See Niera*, 2010 WL 816191, at *3; *WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Group*, 171 S.W.3d at 732. Accordingly, we overrule this issue.

### *Attorneys' Fees*

In his final issue, Torres contends the trial court erred in awarding attorneys' fees to the Garcias.[3] He argues, among other things, that the Garcias were not entitled to an award of attorneys' fees because the Garcias did not move for attorneys' fees in their motion for summary judgment. We agree.

As the supreme court held, "[s]pecific grounds for summary judgment must be expressly stated in the motion for summary judgment itself and not . . . in the summary judgment evidence . . . ." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 344 (Tex. 1993); *see also Protective Life Ins. Co. v. Russell*, 119 S.W.3d 274, 285 (Tex. App.—Tyler 2003, pet. denied). Even if the nonmovant fails to except or respond, if the grounds for summary judgment are not

---

[3] Although the Garcias filed an appellees' brief, the brief does not contain a responsive argument to Torres's challenge to the award of attorneys' fees.

expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law.  *See McConnell*, 858 S.W.2d at 344.  Moreover, summary judgment cannot be granted except on the grounds expressly presented in the motion.  *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *Trebesch v. Morris*, 118 S.W.3d 822, 827 (Tex. App.—Fort Worth 2003, pet. denied).  Therefore, we cannot affirm a summary judgment based on grounds not stated in the motion.  *See id.*; *see also McConnell*, 858 S.W.2d at 344.

We have reviewed the Garcias' motion for summary judgment and cannot find any ground stated therein for the recovery of attorneys' fees.  Admittedly, the Garcias pled for attorneys' fees in their petition and attached an affidavit to their motion for summary judgment from an attorney in an attempt to establish the amount of reasonable and necessary attorneys' fees they believed they were due.  However, as noted above, grounds for summary judgment must be expressly stated in the motion, and including a ground in the summary judgment evidence itself is insufficient.  *See McConnell*, 858 S.W.2d at 344.

Accordingly, because the Garcias failed to expressly state in their motion for summary judgment a specific ground relating to the recovery of attorneys' fees, we hold the trial court erred in awarding attorneys' fees, trial and appellate, to the Garcias.  *See id.*  Because we cannot affirm a summary judgment on grounds not stated in the motion, we sustain Torres's fourth issue.

## CONCLUSION

Based on the foregoing, we affirm the portion of the trial court's summary judgment with regard to the Garcias' claims and damages for those claims.  However, we reverse the trial court's summary judgment with regard to the award of attorneys' fees, trial and appellate, to the

Garcias, and order that portion of the judgment remanded to the trial court. Accordingly, we affirm in part and reverse and remand in part.

Marialyn Barnard, Justice