# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00655-CV

**Jennifer L. and Trent S. Mushtaler and Joshua D. Bezoni, Appellants**

**v.**

**City of Austin, Texas, Appellee**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-005274, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Jennifer L. and Trent S. Mushtaler and Joshua D. Bezoni sued the City of Austin seeking, in part, a declaration that the City's easements on appellants' properties "have expired due to expiration, frustration of purpose, and abandonment." After the trial court denied appellants' traditional motion for partial summary judgment on their claim for declaratory relief, appellants filed this appeal.

This Court's appellate jurisdiction is generally limited to appeals taken from final judgments and certain interlocutory orders for which an appeal is authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014. The denial of a motion for summary judgment is not a final judgment and generally is not reviewable by interlocutory appeal. *See Brannon v. Kaur*, No. 05-20-00718-CV, 2020 Tex. App. LEXIS 7657, at *1 (Tex. App.—Dallas Sept. 21, 2020, no pet.) (mem. op.) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)); *McBride v. Texas*

*Bd. of Pardons & Paroles*, No. 03-19-00329-CV, 2019 Tex. App. LEXIS 7433, at \*2-3 (Tex. App.—Austin Aug. 22, 2019, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction because "the denial of a motion for summary judgment is merely an interlocutory order" and "the legislature has not authorized an interlocutory appeal for a summary-judgment rulings like the one at issue in this case").

The Clerk of this Court sent a letter to the appellants, advising that it appears that this Court lacks jurisdiction over this matter because the record does not contain a final judgment or appealable order. In their response, the appellants argue that the trial court's order denying their motion for summary judgment is a final judgment "because there are no issues remaining to be determined by the trial court" and "the denial of Appellants' claims as to the invalidity of the easement was necessarily also finally determinative of appellants' remaining claims as well." The trial court's order, however, does not state that it is final and appealable, and contrary to the appellants' assertion, the court's denial of their motion for summary judgment did not actually dispose of any claims. *See Lehmann*, 39 S.W.3d at 192-93 ("[A] judgment issued without a conventional trial is final for purposes of appeal if and only if it either actually disposes of all claims and parties then before the court, regardless of its language, or if it states with unmistakable clarity that it is a final judgment as to all claims and all parties."); *McBride*, 2019 Tex. App. LEXIS 7433, at \*2-3 (noting that "an order [denying a motion for summary judgment] does not finally decide any question before the trial court," quoting *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 Tex. App. LEXIS 5792, at \*9 (Tex. App.—San Antonio July 29, 2009, pet. denied) (mem. op.)); *Winn v Martin Homebuilders, Inc.*, 153 S.W.3d 553, 556 (Tex. App.—Amarillo 2004, pet denied) ("Denial of a motion for summary judgment is not a final adjudication, but an interlocutory ruling . . . .").

2

Moreover, the record before us indicates that the appellants' claims remain pending in the trial court.

Because no final judgment has been signed and because the trial court's denial of appellant's motion for summary judgment is a non-appealable interlocutory order, we do not have jurisdiction to consider the merits of this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: January 31, 2023