Opinion filed October 10, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00283-CV

_____

## DORIS HOMER, Appellant

## V.

## EIGHTY SEVENTH APARTMENTS, ET AL., Appellees

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-22-03-0309-CV**

## M E M O R A N D U M   O P I N I O N

Appellant, Doris Homer, filed a negligence lawsuit two years and one day after she was allegedly injured on property that was owned or controlled by Appellees.  Her lawsuit would ordinarily be barred by the two-year statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2017).  However, Homer maintains that the limitations period for her claim was suspended for a total of twenty-eight days pursuant to an emergency order that was issued by

the Texas Supreme Court on April 1, 2020. *See Eighth Emergency Ord. Regarding COVID-19 State of Disaster*, 597 S.W.3d 844 (Tex. 2020). In this appeal, we are asked to determine whether the trial court erred when it granted a motion to dismiss Homer's negligence cause of action on the grounds that it was barred by limitations. We conclude that the supreme court's Eighth Emergency Order did not operate to "toll" limitations in the traditional sense, and we affirm the judgment of the trial court.

*Factual and Procedural Background*

Homer claims that, on March 30, 2020, she was injured while she was present on premises that were owned or controlled by Appellees. Two days later, the Texas Supreme Court issued its Eighth Emergency Order in connection with the COVID-19 pandemic. *Id.* at 844. In relevant part, the order provided that "[a]ny deadline for the filing or service of any civil case is tolled from March 13, 2020, until June 1, 2020, unless extended by the Chief Justice of the Supreme Court." *Id.*

Thereafter, on April 27, 2020, the supreme court issued its Twelfth Emergency Order. Unlike the Eighth Emergency Order, the Twelfth Emergency Order did not indicate that future deadlines for filing or service would be "tolled." Instead, it declared that "[a]ny deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and June 1, 2020, is *extended* until July 15, 2020." *Twelfth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 144, 145 (Tex. 2020) (emphasis added).

The supreme court later issued several additional emergency orders that included similar *extensions* to deadlines for the filing or service in civil cases, but such orders did not decree that those deadlines would be "tolled." *See Seventeenth Emergency Ord. Regarding COVID-19 State of Disaster*, 609 S.W.3d 119, 121 (Tex. 2020); *Eighteenth Emergency Ord. Regarding COVID-19 State of Disaster*, 609

2

S.W.3d 122, 124 (Tex. 2020); *Twenty-First Emergency Ord. Regarding COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020).

On March 31, 2022 (two years and one day after her alleged accident), Homer filed a lawsuit against Appellees alleging a cause of action for personal injury. Appellees answered and filed a motion to dismiss, asserting that Homer's claims were barred by the two-year statute of limitations. *See* TEX. R. CIV. P. 91a; CIV. PRAC. & REM. 16.003(a) ("a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues"). The trial court granted the motion to dismiss, and this appeal followed.

*Analysis*

In her sole issue, Homer claims that the trial court erred in granting the motion to dismiss.

Rule 91a.1 of the Texas Rules of Civil Procedure provides, in relevant part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. A party may file a Rule 91a motion to dismiss based on affirmative defenses that are "conclusively established by the facts in a plaintiff's petition." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (citing TEX. R. CIV. P. 91a.1).

We review a Rule 91a motion to dismiss de novo. *Id.* at 654; *Bedford Internet Off. Space, LLC v. Tex. Ins. Grp., Inc.*, 537 S.W.3d 717, 719 (Tex. App.—Fort Worth

2017, pet. dism'd); *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The parties' dispute centers on the question of whether the two-year statute of limitations operates to bar Homer's claims. *See* CIV. PRAC. & REM. § 16.003(a). Homer argues that, although her original deadline for filing suit fell on March 30, 2022 (two years after the day the cause of action accrued),[1] the Eighth Emergency Order suspended the accrual of the statute of limitations for an additional twenty-eight days.[2] Thus, Homer claims that her lawsuit filed on March 31, 2022 fell within the limitations period.

Appellees maintain that the Eighth Emergency Order only affected cases in which limitations would otherwise run if they were not filed between March 13 and June 1. This interpretation, they argue, is consistent with the supreme court's remaining emergency orders, each of which operated only to extend the relevant deadlines for filing. Thus, Appellees maintain that the Eighth Emergency Order was not applicable to Homer's case.

*The Ordinary Meaning of "Tolling"*

As is the case with statutory construction, our objective in interpreting the supreme court's order is to effectuate its intent. *Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021); *Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Env't Quality*, 576 S.W.3d 374, 383-84 (Tex. 2019); *In re Est. of Hallmark*, 629 S.W.3d 433, 439 (Tex. App.—Eastland 2020, no pet.). Such intent is generally ascertained "from the

---

[1]*See Medina v. Lopez-Roman*, 49 S.W.3d 393, 398 (Tex. App.—Austin 2000, pet. ref'd) ("[U]sing the measure of a calendar year, we look to the date upon which the event occurred and then look at the calendar to find the same date, two years later, to determine the expiration of the statute of limitations.").

[2]Homer appears to concede that, once the Twelfth Emergency Order was issued, the Eighth Emergency Order was no longer in effect. Thus, she claims that the statute of limitations was tolled between March 30 (the date of the incident) and April 27 (the date of the Twelfth Emergency Order).

plain meaning of the words used." *Brazos*, 576 S.W.3d at 384; *see also TXI Operations LP v. Tex. Comm'n on Env't Quality*, 665 S.W.3d 203, 208 (Tex. App.—Austin 2023, pet. denied). In assessing the plain meaning of the order, we read it as a whole, construing its words and phrases in context according to the rules of grammar and common usage. *See Brazos*, 576 S.W.3d at 384. We are to interpret emergency orders according to the plain meaning of the terms the order uses, unless a different meaning is apparent from the context, or the ordinary meaning leads to absurd results. *Kim v. Ramos*, 632 S.W.3d 258, 269 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) (interpreting the supreme court's Thirty-Sixth Emergency Order).

When used in the context of a statute of limitations, the supreme court has construed the term "tolling" to ordinarily refer to a suspension of the running of limitations. In *Kerlin v. Sauceda*, for example, the supreme court was called on to interpret Section 16.063 of the Civil Practice and Remedies Code, which provided that "[t]he absence from this state of a person against whom a cause of action may be maintained *suspends* the running of the applicable statute of limitations for the period of the person's absence." 263 S.W.3d 920, 926 (Tex. 2008) (emphasis added) (quoting CIV. PRAC. & REM. § 16.063 (West 2015)). Although Section 16.063 does not describe the suspension of the statute of limitations as "tolling" the statute, the *Kerlin* court concluded that it effectively tolled the limitations period, and referred to it as a "tolling statute." *Id.* at 922, 926. Similar descriptions of Section 16.063 have followed in more recent years. *See, e.g.*, *Ferrer v. Almanza*, 667 S.W.3d 735, 738 (Tex. 2023) (Section 16.063 is a "tolling statute"); *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 670 S.W.3d 622, 628 (Tex. 2023) (equitable tolling "delays accrual or tolls the running of a statute of limitations").

5

When a statute is "tolled" in this traditional sense, any time that passes during the tolling period results in a corresponding delay of the deadline for filing suit under the applicable statute of limitations. *See, e.g.*, *Ferrer*, 667 S.W.3d at 738 ("If a tolling provision applies, it delays or tolls the running of the applicable limitations period."); *Levinson*, 670 S.W.3d at 628; *Winn v. Martin Homebuilders, Inc.*, 153 S.W.3d 553, 558 (Tex. App.—Amarillo 2004, pet. denied) (when cause of action is concealed, statute of limitations "begins to run" when plaintiff gains knowledge of facts that would cause a reasonable person to make a relevant inquiry). As such, the supreme court's use of the term "tolled" ordinarily suggests an intention to suspend limitations during the tolling period.

*Context of the Eighth Emergency Order*

An assessment of the ordinary meaning of the term "tolled," however, does not conclude our inquiry. We must also consider the context of the order itself. *See Brazos*, 576 S.W.3d at 384.

The Eighth Emergency Order was handed down shortly after Governor Abbott issued a proclamation determining that "COVID-19 poses an imminent threat of disaster." *See Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 914–15 (Tex. 2020) (quoting The Governor of the State of Texas, Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2095 (2020)). As a result of the proclamation, the supreme court was authorized to exercise the emergency powers found in Section 22.0035 of the Texas Government Code. That statute provides, in relevant part, that "the supreme court may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor." TEX. GOV'T. CODE ANN. § 22.0035(b) (West 2023). It further provides that any orders issued thereunder "may not extend for

6

more than 90 days from the date the order was signed unless renewed by the chief justice." *Id.*

The Eighth Emergency Order was issued pursuant to the authority granted by Section 22.0035(b). *See Eighth Emergency Ord.*, 597 S.W.3d at 844. As such, its overall purpose was to mitigate any harms that might accrue to litigants as a result of the pandemic. To accomplish that end, it "tolled" the statute of limitations for certain cases until June 1, 2020. *Id.*

However, it is not clear that the supreme court had the statutory authority to "toll" every potential civil action en masse in the traditional sense that is described above. Section 22.0035(b) provides that the supreme court may "modify or suspend procedures for the conduct of any *court proceeding affected by a disaster*." GOV'T § 22.0035(b) (emphasis added). At the time the Eighth Emergency Order was in effect, Homer, like many other similarly situated persons, merely had a potential cause of action. She was not yet involved in a court proceeding, and would not file such a proceeding until 2022, long after the pandemic's impediment on her ability to file suit had subsided. We presume that the supreme court intended to act within its constitutional and statutory authority, just as we do with legislative actions. *See, e.g.*, *Brazos*, 576 S.W.3d at 384; *Proctor v. Andrews*, 972 S.W.2d 729, 735 (Tex. 1998) ("Statutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with [the constitution].") (quoting *Brady v. Fourteenth Ct. of Appeals*, 795 S.W.2d 712, 715 (Tex.1990)). As such, the context of the Eighth Emergency Order leads us to the conclusion that the supreme court was not using the word "tolling" in the traditional sense.

While the supreme court, arguably, may not have been authorized to toll limitations for claimants whose deadlines under the statute of limitations were not

imminent (such as Homer), it did have the authority to "suspend or modify" proceedings that either were on file at the time, or that were filed within ninety days after the order became effective. *See Eighth Emergency Ord.*, 597 S.W.3d at 844. Thus, the supreme court's use of the word "tolled" in the Eighth Emergency Order is consistent with an extension of a statute of limitations that expired between March 13, 2020 and June 1, 2020. *Id.*

Our interpretation of the Eighth Emergency Order is consistent with the Twelfth Emergency Order, which expressly "clarified and amended"—and thus superseded—the Eighth Emergency Order. *See Twelfth Emergency Ord.*, 629 S.W.3d at 144. Pursuant to the Twelfth Emergency Order, "[a]ny deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and June 1, 2020, is *extended*." *Id.* at 145 (emphasis added). Based on this language, the purpose of the clause at issue is to extend filing deadlines that arise between March 13 and June 1, not to toll limitations on all potential cases that might later be filed. *See also Curry v. Valentin*, No. 22-20450, 2023 WL 1267253, at *2 (5th Cir. Jan. 31, 2023) ("Under its plain language, the Twelfth Emergency Order made clear that the deadlines subject to extension under the Eighth Emergency Order were those that fell between March 13, 2020, and June 1, 2020, and that those deadlines would be extended to July 15, 2020.").

*Homer's Interpretation*

In her brief, Homer acknowledges that the Twelfth Emergency Order had the effect of extending imminent deadlines, rather than tolling the statute of limitations for all pending cases. However, she argues that, because the Eighth Emergency Order was in effect for twenty-eight days, it still had the effect of tolling the statute of limitations on "all cases" during that time. *Eighth Emergency Order*, 597 S.W.3d at 844. Although she does not explicitly state as much, Homer appears to contend

8

that the twenty-eight-day suspension of the limitations period was never reversed after it took effect. Thus, according to Homer, while the supreme court's Twelfth Emergency Order effectively ended the tolling period, it did not operate retroactively to nullify the twenty-eight-day tolling period that had already been effectuated.

Homer's interpretation of the Eighth and Twelfth Emergency Orders is problematic for two reasons.

First, as we have noted above, the supreme court's statutory authority under Section 22.0035(b) is limited to "court proceeding[s]." GOV'T § 22.0035(b). It did not have authority over unfiled, potential claims and causes of action that were not yet a part of such proceedings. Furthermore, Homer did not file suit to initiate a court proceeding until March 31, 2022, which was well outside the ninety-day period in which the supreme court was authorized to act, and after the Eighth Emergency Order had expired. *See* GOV'T § 22.0035(b). Accordingly, because an order "tolling" all cases would have exceeded the supreme court's statutory authority, such an order would have been void, and could not have effectively altered the limitations period applicable to Homer's cause of action. *See, e.g.*, *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) ("Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority.") (quoting *Freeman v. Freeman*, 327 S.W.2d 428, 433 (1959)).

Second, although it can be argued that a mere amendment of the Eighth Emergency Order might not have a retroactive effect, the Twelfth Emergency Order also indicated that the order "clarified" the meaning of the previous order. Thus, by stating that the deadlines at issue were being "extended" rather than "tolled," the supreme court made it clear that—despite the tolling language in the Eighth Emergency Order—the order was intended to create an extension of the filing

deadline only in civil actions that had been or would be filed before June 1, 2020. Unlike an order that tolls all cases, such an extension is a properly limited exercise of the supreme court's emergency powers. *See* GOV'T § 22.0035(b).

We also note that the Twelfth Emergency Order extended all relevant filing deadlines until July 15, 2020, providing additional time for the affected parties to file their cases. *Twelfth Emergency Ord.*, 629 S.W.3d at 145. Such language is consistent with an effort to accommodate any confusion that may have arisen out of the tolling language in the Eighth Emergency Order, and it further reinforces our conclusion that such language operates only as an extension.

In support of her claim that the Eighth Emergency Order tolled the statute of limitations in the traditional sense, and for all potential cases, Homer relies on *Bender v. Crawford*, 33 Tex. 745 (1870). In *Bender*, the Texas Supreme Court considered a provision in the state constitution of 1869 which suspended the statute of limitations between January 1861, when Texas seceded from the Union, and the date on which the 1869 constitution was approved by the United States Congress. TEX. CONST. art. XII, § XLIII (repealed Feb. 15, 1876) (Section 43). At issue in *Bender* was whether the suspension of limitations was invalid because it was an ex post facto law and/or a law impairing the obligation of contracts. 33 Tex. at 759. The court concluded that, when they enacted the constitution, "the people of Texas . . . had both the right and the power to disregard even vested rights" and that the courts were bound to follow the constitutional directive. *Id.*

In *Bender*, there was no dispute that the intention of Section 43 was to toll the statute of limitations in the traditional sense. *See, e.g., id.* at 750 ("the argument on either side admits, that but for the clause in our state constitution . . . the collection of the notes sued on would be barred by the laws of limitation"). Furthermore, while *Bender* addressed the authority of a constitutional convention, acting on behalf of

10

the citizens of Texas, to toll limitations, it did not consider the scope of the supreme court's power to toll limitations based on the contents of the statute at issue in this case. *Id.* at 759. Accordingly, *Bender* is inapplicable.

We are likewise unpersuaded that the decision of the Supreme Judicial Court of Massachusetts in *Shaw's Supermarkets, Inc. v. Melendez* is applicable. 173 N.E.3d 356 (Mass. 2021). *Shaw's Supermarkets* involved a dispute over the interpretation of a similar order that was issued by the Supreme Judicial Court during the COVID-19 pandemic. *Id.* at 359. In *Shaw's Supermarkets*, the court's emergency powers were based, in part, on a Massachusetts statute that conferred powers on the Supreme Judicial Court to issue "such . . . orders, directions and rules as may be necessary or desirable for the furtherances of justice, the regular execution of the laws, the improvement of the administration of such courts, and the securing of their proper and efficient administration." *Id.* (quoting G.L.c. 211, § 3). Based on such authority, the Supreme Judicial Court rendered an order which provided as follows:

> All civil statutes of limitations were tolled . . . from March 17, 2020, through June 30, 2020, and will not be tolled any further unless there is a new surge in COVID-19 cases in the Commonwealth and the [Supreme Judicial Court] determines that a new or extended period of tolling is needed. . . . The new date for the expiration of a statute of limitation is calculated as follows: determine how many days remained as of March 17, 2020, until the statute of limitation would have expired, and that same number of days will remain as of July 1, 2020 in civil cases. . . . For example, if fourteen (14) days remained as of March 17 before the statute of limitation would have expired in a civil case, then fourteen (14) days will continue to remain as of July 1, before the statute of limitation expires (i.e., July 15).

*Id.* Unlike Section 22.0035(b) of the Texas Government Code,[3] the Massachusetts statute under which the Supreme Judicial Court acted included broad powers to affect court proceedings that might not be impacted by the COVID-19 pandemic. G.L.c. 211, § 3. Furthermore, from the very outset, the Supreme Judicial Court made it clear that it intended to toll limitations in the traditional sense, going so far as to give an example of the manner in which the order would toll a pending civil case. *Shaw's Supermarkets*, 173 N.E.3d at 359. Additionally, the circumstances of *Shaw's Supermarkets* do not include any subsequent orders expressly clarifying that the original order merely served as an extension in a limited number of cases. Accordingly, *Shaw's Supermarkets* is inapplicable to the facts before us.

## Conclusion

We conclude that the Eighth Emergency Order did not and could not have operated to toll limitations of Homer's claims in the traditional sense. Accordingly, we overrule Homer's sole issue on appeal.

## This Court's Ruling

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE

October 10, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]Because the Texas Supreme Court purported to act under the authority of Section 22.0035(b) when it issued the Eighth Emergency Order, our opinion is limited to an assessment of the court's authority under that statute. We do not comment on whether additional emergency powers might be available to the supreme court or any other Texas court based on other principles, statutes, or constitutional provisions.